[Civ. No. 44493. Second Dist., Div. Five. Mar. 26, 1975.]

SHERYL A. MARTIN, Plaintiff and Respondent, v.
STATE PERSONNEL BOARD, Defendant and Appellant.

Sheryl A. Martin, in pro. per., for Plaintiff and Respondent.

Evelle J. Younger, Attorney General, and Marilyn M. Moffett, Deputy Attorney General, for Defendant and Appellant.

## Opinion

**LORING, J.**\*—Sheryl A. Martin (Martin) filed a petition for writ of mandate against State Personnel Board of the State of California[1] (Board) seeking a peremptory writ of mandate directing Board to set aside its decision in case No. 5691 and to adopt the decision of its hearing officer allowing Martin to recover wages as an employment and claims assistant for the Department of Human Resources (HUD) for the period May 12, 1970 through September 15, 1970. Board filed a return to the petition alleging inter alia that the Board had dismissed the appeal of Martin in case No. 5691 because the appeal had been filed in violation of its rule 64 (which specified the time within which appeals could be filed). After hearing, the court made findings "that Petitioner acted as a result of inadvertence in failing to file within the 30 days" concluded as a matter of law that Board suffered no prejudice that as a consequence the appeal was timely filed and that Board should vacate the dismissal of appeal in case No. 5691 and hear said appeal. Judgment was entered granting peremptory writ of mandate in accordance with the findings and conclusions of law. Board appeals from the judgment.

## Contentions

Appellant contends:

I. That the trial court erred in holding that Martin was excused from complying with Board's rule 64.

## Facts

Martin had been employed by HUD in its South Central Service Center in Los Angeles as an intermittent employment and claims assistant commencing about September 28, 1967. She was denied employment commencing May 12, 1970, until September 15, 1970. On November 17, 1971, in case No. 5418, Board adopted the proposed decision of its hearing officer that Martin was improperly denied employment by HUD during the period May 12, 1970, through September 15, 1970, but refused to impose any penalty on Edward E. Poindexter, her supervisor, who was responsible for depriving Martin of employ-

---

\*Assigned by the Chairman of the Judicial Council.

[1]We substitute the name under which respondent made return to the petition for writ.

ment. On January 7, 1972, (51 days after the decision on Nov. 17, 1971, in case No. 5418), Martin filed a claim (case No. 5691) for wages for the period for which she had been improperly denied employment as adjudicated in the decision in case No. 5418. Board dismissed the claim, holding that it was filed in violation of its rule 64. Rule 64 reads:

"Time of Filing. Except as otherwise provided in the act or these rules, every appeal shall be filed with the board within 30 days after the appellant has been served with the notice, report, or document from which the appeal is taken or, if there has been no such service and none is required, within 30 days after the event happened upon which the appeal is based. Upon good cause being shown, the board, executive officer, or hearing officer may allow such an appeal to be filed within 30 days after the end of the period in which the appeal should have been filed."

Board's rule 53 defines an "appeal" as any written request for relief filed with the Board and includes "application" "petition" and "protest."

In its decision dated April 12, 1973, dismissing Martin's appeal in case No. 5691, Board pointed out that after September 1970, to wit, on May 10, 1971, Martin had filed case No. 5390 seeking unpaid wages for a period subsequent to April 2, 1971, when she had been denied employment without formal punitive action being taken against her and that on July 8, 1971 in case No. 5390, Martin had been granted "a substantial back salary award." Presumably, the purpose of Board's reference to case No. 5390 was to show that Martin was familiar with its process and the necessity of acting promptly. The Board found that "No reason appears why the time limitation of State Personnel Board Rule 64 should not apply to [Martin's] January 7, 1972 appeal from alleged denial of salary for the days on which she did not work between May and September, 1970."

### DISCUSSION

■ The first question necessarily involved on this appeal is whether or not Board's rule 64 is valid. Government Code section 18701 reads:

"The board shall prescribe, amend, and repeal rules in accordance with law for the administration and enforcement of this part. Due notice of the contents of the rules shall be given to appointing powers and

employees. Within a reasonable time after adoption, such rules and amendments shall be published in such manner as the board determines, and distributed free or at a reasonable cost."

Section 18701 clearly requires that notice of its rules be given by Board as a condition precedent to their effectiveness. In the case at bar, Martin alleged that rule 64 "is not applicable and is invalid" in that Board failed to inform Martin "of the application of rule 64 on a timely basis, thus violating the principle of laches."

The wording of section 18701 requires interpretation. Said section requires "due notice" to "employees" but does not require personal notice or actual written notice. It expressly gives Board power to determine the "manner" in which the rules (and amendments) shall be "published" and "distributed" in order to satisfy the requirement that due notice be given to employees. In our view, the statute vests Board with reasonable discretion in selecting that manner of publication and distribution which is reasonably calculated to afford employees an opportunity to acquire knowledge of such rules. However, Martin produced no evidence before Board or the trial court that the statutorily required notice of rule 64 had not been given. In the absence of any evidence to the contrary, the trial court should have presumed and this court will presume that the statutorily required notice had been given by Board. (Evid. Code, § 664; Witkin, Cal. Evidence (2d ed. 1966) § 243, p. 208.) In our view, therefore the trial court was first required to determine that rule 64 was valid.

■ The trial court was then required to determine the applicability of rule 64 to the case at bar. Or more precisely, the court was required to determine whether or not Board abused its discretion in holding that Martin had shown "no reason . . . why the time limitation of . . . Rule 64 should not apply to" Martin. Rule 64 vests discretion in Board to extend the 30-day rule for an additional 30 days "upon good cause being shown." Rule 64 vests that discretion in Board, not in the trial court. In our view, Board's determination cannot be set aside or disregarded except upon a showing of abuse of discretion. No such showing was made here. The trial court merely stated that the situation was so complex that there must have been inadvertence. No substantial evidence supports the trial court's finding herein that Martin's failure to comply with rule 64 was "inadvertent." Even if there was substantial evidence to support such finding that is not the issue which was before

the trial court. The trial court was required to determine whether or not Board's determination constituted an abuse of *its* discretion in determining that "no reason" was shown by Martin for her failure to comply with rule 64. Martin had the burden of establishing *before Board* that her noncompliance with rule 64 was excusable. (*Shaddox* v. *Melcher,* 270 Cal.App.2d 598, 600-601 [76 Cal.Rptr. 80].) Since we find and the trial court should have found that rule 64 is valid, and since there was no evidence upon which to base a finding that Board abused its discretion in finding that Martin established "no reason" why the time limitation of rule 64 should not apply to Martin, then the trial court was required to deny Martin's petition for writ of mandate.

On September 18, 1974, Martin filed a motion in this court for leave to produce additional evidence in this court and on November 12, 1974, she made an amended motion to the same effect. Ruling on each motion was deferred for determination in connection with the principal appeal. We have now reviewed each of such motions. None of the tendered "evidence" (documents) has any relevance to the issues which are involved on this appeal as set forth in the foregoing opinion and as determined by this opinion. The motions and each of them are therefore denied on the ground of lack of relevance.

The judgment is reversed with instructions to deny the application for a peremptory writ of mandate.

Kaus, P. J., and Hastings, J., concurred.

A petition for a rehearing was denied April 25, 1975.