[Civ. No. 6991. Fourth Dist. Aug. 8, 1963.]

FRANCIS L. DAVIS et al., Plaintiffs and Appellants, v. GEORGE J. WARD, Defendant and Respondent.

Casey, McClenahan & Christensen, George R. McClenahan and Walter P. Christensen for Plaintiffs and Appellants.

Oakes & Horton and Harry A. Horton for Defendant and Respondent.

COUGHLIN, J.—This action arises out of an intersection accident between two automobiles; is based on a claim for damages by a guest in one of these automobiles, and by her husband, against the driver of the other; and, on appeal, concerns alleged errors in the admission of evidence and the refusal to give proposed instructions.

Many of the issues raised by the pleadings were eliminated prior to trial. The original plaintiffs were the guest, her husband, and the driver of the automobile in which she was riding, who was her grandson. The driver died before trial and the action in his favor was dismissed. The answer, among other things, pleaded a joint venture between the guest and the driver; contributory negligence of the driver; and imputation thereof to the guest. However, prior to trial, the defense based upon imputation of negligence was stricken. Also, before trial, it was stipulated that the issues before the court were: (1) The negligence, if any, of the defendant driver; (2) contributory negligence, if any, of the guest; (3) proximate cause; and (4) damages. In addition, it then was stipulated that the issue of contributory negligence of

the guest, which had been raised by a separate defense, would not be submitted to the jury if the evidence did not warrant such submission; the evidence did not indicate any contributory negligence; no instructions were given with respect thereto; no arguments were presented thereon; and, as agreed, the issue in question was not submitted for decision.

The jury found in favor of the defendant. Judgment was entered accordingly. After denial of their motion for a new trial, the plaintiffs appealed from the judgment and seek a reversal upon the ground that the trial court erred (1) in admitting the opinion testimony of a police officer respecting the speed of the automobile in which the plaintiff guest was riding; (2) in refusing to give their requested instruction that any negligence of the plaintiff driver was not imputable to the plaintiff guest; and (3) in refusing to instruct, as requested, that the plaintiff driver, now deceased, was presumed to have exercised due care.

The plaintiff guest was injured when the automobile driven by her grandson and the automobile driven by the defendant collided in an intersection while the former was in the process of crossing the same and the latter was in the process of making a left turn. The accident happened at the signal-controlled intersection of 32d Street and Main Street, in the City of San Diego. At this intersection, 32d Street is in a 25 mile per hour speed zone; runs north and south; is 52 feet in width; and includes a slight jog as it crosses Main Street. The defendant, while traveling southerly on 32d Street at 15 miles per hour, slowed down to make a left turn at the subject intersection; looked for traffic coming from the south, i.e., in the northbound lanes, and saw none; entered upon his left turn at a speed which he estimated to be 5 miles per hour; looked in the direction he was turning; was warned by an outcry from a passenger in his automobile that an automobile was coming from the south which he had not seen because 32d Street at a point south of the intersection is much lower in grade than at the intersection; stopped his automobile when it had crossed but a short distance into the northbound lane immediately adjoining the center of the street, and was struck by the oncoming automobile, in which the plaintiff guest was riding. The plaintiff automobile approached the intersection at speeds estimated to be from 45 to 70 miles per hour; laid down front-wheel skidmarks 69 feet in length and rear-wheel skidmarks 61 feet in length; struck the left front of the defendant's automobile; and

came to a stop to the north and east thereof after leaving a 6-foot centrifugal skidmark.

The collision occurred somewhere within the area encompassed by the intersection of the inside northbound lane of 32d Street and the inside eastbound lane of Main Street.

## ADMISSION OF OPINION TESTIMONY RE SPEED

The investigating traffic officer, upon questioning by the defendant, related his qualifications to give an opinion respecting the speed of an automobile involved in an accident based on factors disclosed by his investigation thereof; stated that he had formed an opinion respecting the speed of the plaintiff automobile immediately prior to application of its brakes, based on physical facts found at the scene of the accident, including skidmarks, damage to the vehicles, and other details which might be considered pertinent; and, over objection by the plaintiffs, testified that in his opinion the plaintiff driver was traveling between 45 and 50 miles per hour at that time. The plaintiffs contend that the admission of this opinion was error because the evidence does not establish the officer's qualifications in the premises.

A traffic officer whose duties include the investigation of automobile accidents may qualify as an expert entitled to give an opinion respecting the speed of automobiles involved in an accident, based on his observations obtained in the course of his investigation thereof. (*People* v. *Haeussler,* 41 Cal.2d 252, 260-261 [260 P.2d 8]; *Enos* v. *Montoya,* 158 Cal.App.2d 394, 399 [322 P.2d 472]; *Risley* v. *Lenwell,* 129 Cal.App.2d 608, 631 [277 P.2d 897]; *Zelayeta* v. *Pacific Greyhound Lines,* 104 Cal.App.2d 716, 721 [232 P.2d 572].)

The sufficiency of the showing to establish the qualifications of such an officer to give such an opinion is a matter committed to the sound discretion of the trial court. (*People* v. *Haeussler, supra,* 41 Cal.2d 252, 261; *Pfingsten* v. *Westenhaver,* 39 Cal.2d 12, 20 [244 P.2d 395]; *Mirich* v. *Balsinger,* 53 Cal.App.2d 103, 114 [127 P.2d 639].)

We have reviewed the evidence in support of the instant showing; have concluded that the trial court did not abuse its discretion in the premises; and may not interfere therewith. (*People* v. *Haeussler, supra,* 41 Cal.2d 252, 261; *Huffman* v. *Lindquist,* 37 Cal.2d 465, 476 [234 P.2d 34, 29 A.L.R.2d 485].) It is not necessary that we detail the evidence in support of this conclusion. (*Fomco, Inc.* v. *Joe Maggio, Inc.,* 55 Cal.2d 162, 164 [10 Cal.Rptr. 462, 358 P.2d 918].) The arguments and alleged insufficiency of the evi-

dence to which the plaintiffs direct our attention in their attack upon the subject officer's qualifications go to the weight to be given his opinion rather than to its admissibility. These are not proper subjects for consideration on appeal. (*Pfingsten* v. *Westenhaver, supra,* 39 Cal.2d 12, 20.)

The plaintiffs also contend that the officer's opinion was inadmissible because it was based upon the statements of witnesses as well as upon physical factors he observed at the time of his investigation. This fact was developed upon cross-examination; was not before the trial court at the time it overruled the plaintiffs' objection to the admission of the officer's opinion; and, therefore, may not be considered in determining the propriety of that order. Furthermore, a fair consideration of the record dictates the conclusion that the statements to which the officer referred as included within the factors he considered as a basis for his opinion were those of the defendant to the effect that he had stopped prior to the time of impact; were of insignificant weight in the premises; and would not require exclusion of the opinion testimony as a matter of law. The officer testified that he believed the defendant's automobile was stopped or moving slowly at the time of the impact and considered this factor in arriving at his conclusion. The evidence indicates that this was a fact. A consideration of the statements to this effect related to the officer at the time of his investigation, therefore, is of no legal signifiance in evaluating the opinion in question or determining its admissibility into evidence. The primary factors upon which the officer based his opinion of speed were the length of the skidmarks laid down by the plaintiff automobile, the fact that it continued to move after impact, and the damage sustained by the two cars. The evidence establishes that any movement of the defendant's automobile at the time of impact had no signficant effect either upon the movement of the plaintiff automobile thereafter, or the extent of the damage which ensued. In reality, the statements in question were not essential to the officer's opinion.

The plaintiffs' contention that the admission of such opinion into evidence was error is without merit.

INSTRUCTION RE IMPUTED NEGLIGENCE

The court refused to give an instruction, proposed by the plaintiffs, to the effect that any negligence of the plaintiff driver was not imputable to the plaintiff guest, i.e., the grandmother of the driver. As heretofore noted, at the time of trial the driver was not a plaintiff in the case as

the action on his behalf had been dismissed. The court told the jury that the plaintiffs had the burden of proving that the defendant was negligent in the operation of his automobile; "that such negligence, if any, was the sole *or concurring* proximate cause of damage to plaintiff"; and the damages sustained. (Italics ours.) An instruction on the issue of proximate cause stated that "the acts and omissions of two or more persons may work concurrently as the efficient cause of an injury, and in such a case each of the participating acts or omissions is regarded in law as a proximate cause." No issue of imputed negligence was presented by the pleadings as they stood at the time of trial. No issue of contributory negligence, either that of the plaintiff guest, personally or that imputed to her, was presented to the jury by instruction or by argument of counsel. The instructions on concurring proximate cause negatived any theory of imputed negligence; in substance, told the jury that any negligence of the defendant driver could be a concurring proximate cause of the accident even though negligence of the plaintiff driver also was a proximate cause thereof; and foreclosed any concept that the latter's negligence might bar a recovery by the plaintiffs. (*Lund* v. *Pacific Electric Ry. Co.*, 25 Cal.2d 287, 294-295 [153 P.2d 705].) The instruction on imputed negligence was foreign to any issue in the case; was rendered wholly unnecessary by the concurrent proximate cause instructions; and properly was refused.

### Instruction re Presumption of Due Care

 The court refused to give the plaintiffs' proposed instruction that the deceased driver of the plaintiff automobile is presumed to have exercised due care at and immediately preceding the subject accident.

 Evidence relating the conduct of the plaintiff driver was admissible to the extent that it might have aided in determining whether, considering it and all other circumstances, the conduct of the defendant was negligent. (*Lund* v. *Pacific Electric Ry. Co., supra*, 25 Cal.2d 287, 293; *Krupp* v. *Los Angeles Ry. Corp.*, 57 Cal.App.2d 695, 698 [135 P.2d 424].) The presumption that the plaintiff driver, who now is deceased, exercised due care at the time in question, was evidence which might have been considered for this purpose. (*Gigliotti* v. *Nunes*, 45 Cal.2d 85, 94 [286 P.2d 809].)

 The subject instruction should have been given. The defendant concedes that the trial court erred in refusing to do so. This concession leaves for determination the ques-

tion whether this error was prejudicial and cause for reversal.

The erroneous refusal to give an instruction should be declared prejudicial only if the court on appeal, after an examination of the entire cause, including the evidence, is of the opinion that it is reasonably probable that the verdict would have been different if the instruction had been given. (*People* v. *Watson,* 46 Cal.2d 818, 837 [299 P.2d 243].)

Whether error in refusing to give the subject instruction was prejudicial depends upon all of the circumstances in the case, including the evidence and the issues to be determined. (*Alarid* v. *Vanier,* 50 Cal.2d 617, 625 [327 P.2d 897]; *Butigan* v. *Yellow Cab Co.,* 49 Cal.2d 652, 660, 661 [320 P.2d 500].)

The only conduct of the plaintiff driver which was pertinent to a determination whether the defendant acted as a reasonably prudent person under the circumstances, was the rate of speed at which the former was traveling. If the jury found that this rate of speed was reasonable, its finding coincided with the presumption and the failure to give an in instruction thereon was inconsequential. However, assuming that the jury found that the speed in question was unreasonable, the issue then presented is whether it is reasonably probable, in the light of all the evidence, that the jury would have found such speed to be reasonable if the requested instruction had been given.

Where it is contended that an error in refusing to give an instruction is prejudicial, the appellate court is authorized to evaluate the evidence as it is related to the probability of a different result in the absence of such error. (*People* v. *Watson, supra,* 46 Cal.2d 818, 837; *People* v. *Koenig,* 29 Cal.2d 87, 93, 94 [173 P.2d 1]; *People* v. *Eppers,* 205 Cal.App.2d 727, 732-733 [23 Cal.Rptr. 222].)

The evidence herein overwhelmingly establishes that the plaintiff automobile was being driven at an unreasonable rate of speed, as shown by the skidmarks; the damages sustained by the two automobiles; the opinion respecting its speed, *viz.,* the officer's conclusion that it was going between 45 and 50 miles per hour; the defendant's testimony that it was going between 50 and 70 miles per hour; the testimony of the defendant's passenger, who gave the warning outcry, that it was going 50 miles per hour; and a lack of any proof to the contrary. In his argument to the jury, counsel for the plaintiff stated:

"What is the proximate cause of this accident? One, I think you would certainly be warranted in concluding that Davis [the plaintiff driver] was traveling at an excessive rate of speed. I think that's a reasonable and fair conclusion from the evidence."

We agree. Under the circumstances it is not reasonably probable that giving the refused instruction would have caused the jury to find otherwise, or influenced its decision on the issue of the defendant's negligence. (Cf. *Shuey* v. *Asbury*, 5 Cal.2d 712, 713 [55 P.2d 1160].)

After a consideration of the whole record, including the evidence, we are of the opinion that it is not reasonably probable that the jury would have rendered a verdict in favor of the plaintiffs if the requested instruction had been given.

The judgment is affirmed.

Griffin, P. J., and Brown (Gerald), J., concurred.

A petition for a rehearing was denied September 3, 1963, and appellants' petition for a hearing by the Supreme Court was denied October 1, 1963.