[Civ. No. 45078. Second Dist., Div. Five. Feb. 27, 1976.]

CHRISTOPHER BLACK, a Minor, etc., et al.,
Plaintiffs and Respondents, v.
COUNTY OF LOS ANGELES et al.,
Defendants and Appellants.

**COUNSEL**

John H. Larson, County Counsel, and Philip S. Miller, Deputy County Counsel, for Defendants and Appellants.

Richard C. Voorhies, Archer Zamloch and Al Schallau for Plaintiffs and Respondents.

**OPINION**

**LORING, J.**\*—Christopher Black, a minor, Joel Black, a minor, Lee Roy Black, Jr., a minor, Jeffrey Black, a minor, by Judith Black, their

\*Assigned by the Chairman of the Judicial Council.

guardian ad litem (collectively Black minors) and Judith Black (an adult) filed an original complaint July 28, 1969, and an amended complaint December 2, 1969, against County of Los Angeles, a political subdivision of the State of California (County), John McBride, Henry Ybarra, Bernard Heim, Marshall Rooks, L. J. Kenyon, and I. L. Morhar,[1] seeking damages resulting from an automobile accident which occurred on July 27, 1968, in which Lee Roy Black [Sr.], father of the Black minors and husband of Judith, was killed and Christopher and Joel sustained personal injuries.

The amended complaint alleged that the plaintiffs had filed a written claim with the County on May 9, 1969, which was deemed denied on June 24, 1969, since it was not approved within 45 days. The amended complaint also alleged that the court had made an order relieving the Black minors from the requirement of filing a late claim against the County. The amended complaint alleged that the individually named defendants were employees of County acting within the course and scope of their employment. The amended complaint alleged that the accident was caused by the negligence of the defendants because they caused and suffered a dangerous and defective condition in a County highway which proximately caused the accident. After their demurrers were overruled County and individually named defendants answered. County filed a cross-complaint against Lawrence Vinson Sutton (Sutton) alleging that a proximate cause of the aforesaid accident was the negligence and intoxication of Sutton. County sought declaratory relief and indemnity from Sutton. Sutton answered. After jury trial, verdicts were rendered on September 7, 1973, in favor of Joel against County, McBride, Morhar, Kenyon, Rooks and Heim in the sum of $1,000; in favor of Christopher for $23,000 for his personal injuries against the same defendants; in favor of the four Black minors and against the same defendants in the sum of $140,000 for damages resulting from the death of Lee Roy Black, Sr., their father; for $28,900 in favor of Judith against the five individual defendants only (but not against County) for medical expenses; for $32,100 in favor of Judith against the five individual defendants only (but not against County) for damages resulting from the death of her husband Lee Roy Black, Sr.[2]

---

[1]Heim, Rooks and Kenyon were sued under fictitious names. We substitute the names under which all defendants answered.

[2]Through clerical error the jury filled out all verdict forms including those in favor of defendants, but on October 30, 1973, this clerical error was corrected. The propriety of this is not questioned by appellants.

Plaintiffs moved for new trial on the ground that damages were inadequate and for an additur. The motion was denied as to Judith, Jeffrey and Lee Roy, Jr., but was granted as to Joel and Christopher on the issue of damages alone. The order provided for an additur of $6,500 as to Joel and $25,000 as to Christopher which additur defendants refused. Defendants' motions for judgment notwithstanding the verdicts were denied. Defendants' motion to reduce the verdicts by the sum of $70,000 (the amount of a settlement between plaintiffs and Sutton) was denied except as to the sum of $30,000 which had been collected from Sutton's Insurance Carrier under such settlement. The additional $40,000 was paid by such carrier apparently under threat of a claim for wilful bad faith failure to settle within policy limits.

All defendants appeal from the judgments in favor of all plaintiffs and from the order granting a new trial (on the issue of damages alone) to Joel and Christopher. All defendants also appeal from the order denying their motion to reduce damages by the amount of the full settlement of $70,000 between plaintiffs and Sutton.

The records of this court (of which we are required to take judicial notice) establish that Judith and the Black minors filed a petition against County under Government Code section 946.6[3] to be relieved of the

---

[3]Government Code section 946.6 reads:

"(a) Where an application for leave to present a claim is denied or deemed to be denied pursuant to Section 911.6, a petition may be made to the court for an order relieving the petitioner from the provisions of Section 945.4. The proper court for filing the petition is a court which would be a competent court for the trial of an action on the cause of action to which the claim relates and which is located in a county or judicial district which would be a proper place for the trial of such action, and if the petition is filed in a court which is not a proper court for the determination of the matter, the court, on motion of any party, shall transfer the proceeding to a proper court.

"(b) The petition must show (1) that application was made to the board under Section 911.4 and was denied or deemed denied, (2) the reason for failure to present the claim within the time limit specified in Section 911.2 and (3) the information required by Section 910. The petition shall be filed within six months after the application to the board is denied or deemed to be denied pursuant to Section 911.6.

"(c) The court shall relieve the petitioner from the provisions of Section 945.4 if the court finds that the application to the board under Section 911.4 was made within a reasonable time not to exceed that specified in subdivision (b) of Section 911.4 and was denied or deemed denied pursuant to Section 911.6 and that:

"(1) The failure to present the claim was through mistake, inadvertence, surprise or excusable neglect unless the public entity establishes that it would be prejudiced if the court relieves the petitioner from the provisions of Section 945.4; or

"(2) The person who sustained the alleged injury, damage or loss was a minor during all of the time specified in Section 911.2 for the presentation of the claim; or

"(3) The person who sustained the alleged injury, damage or loss was physically or mentally incapacitated during all of the time specified in Section 911.2 for the

requirements of Government Code section 945.4[4] that a claim be filed against County as a public entity within the time specified by Government Code section 911.2 (within the 100th day after the accrual of the cause of action). The petition was granted by the superior court as to the Black minors and denied as to Judith. Judith appealed from the order of denial as to her and the order was affirmed. (*Black* v. *County of Los Angeles,* 12 Cal.App.3d 670 [91 Cal.Rptr. 104].) Reference to that decision establishes that the failure of Judith to present a claim within 100 days as required by Government Code section 911.2 was not through mistake, inadvertence, surprise or excusable neglect and that such late filing would prejudice the County. The opinion of the Court of Appeal indicates that if Judith's attorney had promptly obtained a State Highway Patrol report of the accident of July 27, 1968, he would have discovered the possibility of a cause of action against County within time to present a timely claim.

## CONTENTIONS

Appellants contend:[5]

I. Judith is collaterally estopped to sue the employees of County because the issue of lack of knowledge of a cause of action has been

---

presentation of the claim and by reason of such disability failed to present a claim during such time; or

"(4) The person who sustained the alleged injury, damage or loss died before the expiration of the time specified in Section 911.2 for the presentation of the claim.

"(d) A copy of the petition and a written notice of the time and place of hearing thereof shall be served not less than 10 days before the hearing on (1) the clerk or secretary or board of the local public entity, if the respondent is a local public entity, or (2) the State Board of Control or its secretary, if the respondent is the state.

"(e) The court shall make an independent determination upon the petition. The determination shall be made upon the basis of the petition, any affidavits in support of or in opposition to the petition, and any additional evidence received at the hearing on the petition.

"(f) If the court makes an order relieving the petitioner from the provisions of Section 945.4, suit on the cause of action to which the claim relates must be filed in such court within 30 days thereafter."

[4]Government Code section 945.4 reads: "Except as provided in Sections 946.4 and 946.6, no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board, in accordance with Chapters 1 and 2 of Part 3 of this division."

[5]For sake of brevity and simplicity we have reworded appellants' contentions. We have also rearranged the sequence of appellants' contentions in order to present a more orderly discussion.

adjudicated adversely to her. (*Black* v. *County of Los Angeles,* 12 Cal.App.3d 670 [91 Cal.Rptr. 104].)

II. The Black minors' cause of action for personal injuries and wrongful death is barred because of their failure to file an amended complaint with the time allowed by Government Code section 946.6, subdivision (f). (30 days after order.)

III. The court erred in refusing defendants' request for certain instructions regarding traffic signs.

IV. The court should have granted credit for the full amount of settlement with Sutton.

V. The court erroneously granted new trials to Joel and Christopher on the issue of damages only.

### FACTS

On July 27, 1968, LeeRoy Black, Sr., was killed and his sons, Joel and Christopher sustained personal injuries when Black's car and a car driven by Sutton were involved in a head on collision on Fullerton Road in Los Angeles County. Judith employed an attorney who relying, at least in part, upon newspaper accounts of the accident, filed an action on August 6, 1968, against Sutton, who was allegedly intoxicated and on the wrong side of the road when the accident occurred. When Judith's lawyer took Sutton's deposition on May 2, 1969, he discovered that Sutton claimed that the accident was caused by a defective condition in the County road. Immediately after the accident, the lawyer had sent his investigator to what was then believed to be the scene of the accident.but no defective condition was found. The investigator apparently determined the point of accident from the newspaper accounts—which were erroneous. The Court of Appeal held in the prior appeal that if the investigator had obtained an official report of the accident from the State Highway Patrol, the correct point of accident would have been determined and upon inspection the allegedly defective highway condition would have been discovered. For that reason Judith's petition to be relieved of complying with the provisions of Government Code section 945.4 was denied. It was granted as to the Black minors because of their minority. (Gov. Code, § 946.6, subd. (c)(2).) The County did not appeal from the order allowing the Black minors to be relieved of the obligation to present a claim against County, and as to County, therefore, that order

became final. The claims against Sutton were settled before trial by an agreement to pay the claimants $70,000. Sutton's insurance carrier paid $30,000 under the agreement which were the policy limits. Apparently the carrier also paid an additional $40,000 because of a claim of bad faith failure to settle within policy limits.

At trial, plaintiffs produced evidence from which the jury could and presumably did conclude that a proximate cause of the accident was a defective condition in Fullerton Road, which consisted of a hole at the point where the highway abuts the shoulder of the road which was between 6 and 8 inches deep and 12½ to 13 inches in diameter with almost perpendicular sides.[6]

Sutton testified that his right front wheel went off the pavement and when he turned back on the road, his car went "just like a shot . . . right straight across towards the oncoming traffic." When his right wheel went off the road, Sutton "could feel one side of the car was lower than the other side" and he had difficulty steering—he "just couldn't turn back into the road." However, he testified he never saw the hole and did not know whether or not his car struck it.

## DISCUSSION

We first address ourselves to appellants' contention that Judith's cause of action against the individual defendants is barred by the doctrine of collateral estoppel.

Government Code section 950.2 reads: "Except as provided in Section 950.4, a cause of action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred under Part 3 (commencing with Section 900) of this division or under Chapter 2 (commencing with Section 945) of Part 4 of this division. This section is applicable even though the public entity is immune from liability for the injury."

Government Code section 950.4 reads: "A cause of action against a public employee or former public employee is not barred by Section

---

[6]There was a conflict in the evidence regarding the precise dimensions of the hole. In accordance with the principles governing appeals, we state the evidence in the light most favorable to respondents.

950.2 if the plaintiff pleads and proves that he did not know or have reason to know, within the period for the presentation of a claim to the employing public entity as a condition to maintaining an action for such injury against the employing public entity, as that period is prescribed by Section 911.2, or by such other claims procedure as may be applicable, that the injury was caused by an act or omission of the public entity or by an act or omission of an employee of the public entity in the scope of his employment as a public employee."

The individual defendants claim that it is now res judicata that Judith's cause of action against the County is barred because she failed to present a claim within time and failed to establish that the failure to do so was the result of mistake, inadvertence, surprise or excusable neglect. (*Black* v. *County of Los Angeles, supra.*) In Judith's prior appeal the court (p. 675) quoted with approval from *Shaddox* v. *Melcher,* 270 Cal.App.2d 598, 601 [76 Cal.Rptr. 80], the uniformly held principle "that for relief on any or all of the stated grounds it must be shown that one's misconception was reasonable, or that it might have been the conduct of a reasonably prudent person under similar circumstances." The court then said (p. 676) that if Judith's counsel had "exercised reasonable diligence when retained by [Judith], he then would have discovered the asserted condition of Fullerton Road." The court also said (p. 677) that a petition "must establish that in the use of reasonable diligence he failed to discover" [the facts which gave rise to the cause of action].

Respondents argue in reply that the doctrine of collateral estoppel by judgment is not applicable here because the parties to this action were not the same as the parties to *Black* v. *County of Los Angeles* because the individual defendants (who were the employees of County) were not parties to the prior action which involved only County.

Respondents misconceive the doctrine of collateral estoppel. *Bernhard* v. *Bank of America,* 19 Cal.2d 807 [122 P.2d 892], definitively established that mutuality is no longer an essential element of collateral estoppel by judgment. The point has no merit.

The individual defendant herein tried by every conceivable procedural device, (demurrer, motion for judgment on the pleadings, two motions during trial for a finding that Judith was estopped, motion for nonsuit, motion for judgment notwithstanding verdict) to prevent a judgment against them on the principle that Judith's claims against them were

barred by the doctrine of collateral estoppel. All efforts were unsuccessful. The trial court thus committed error. If Judith's claim was barred against County because she knew or should have known within 100 days of the accrual of the cause of action that the injury was caused by an act or omission of the public entity but failed to present a claim against the public entity within the time prescribed by Government Code section 911.2 and she was denied judicial relief under Government Code section 946.6 and the order of denial became final *(Black v. County of Los Angeles, supra)* then that cause of action was likewise barred against County's employees under the provisions of Government Code section 950.4 under the doctrine of collateral estoppel.[7] The trial court will, therefore, be instructed to amend its judgment to grant judgment notwithstanding verdict in favor of the individual defendants and against Judith.

■ A somewhat different problem is presented in connection with the question of the timeliness of the cause of action of the Black minors against the County and against the individual defendants. In the prior proceeding *(Black v. County of Los Angeles, supra),* the trial court reached a diametrically opposite result insofar as the minors were concerned and granted the minors' petition relieving them of the provisions of Government Code section 945.4.

That order was dated September 10, 1969. County did not appeal therefrom and the order became final. The original complaint herein was filed July 28, 1969. However, the amended complaint alleging the making of the order of September 10, 1969, was not filed until December 2, 1969. County contends that the Black minors' cause of action is barred because they failed to file the amended complaint within 30 days after the order of September 10, 1969, as required by Government Code section 946.6, subdivision (f). County relies on *Wilson v. People* ex rel. *Dept. Pub. Wks.,* 271 Cal.App.2d 665 at page 668 [76 Cal.Rptr. 906]. County recognizes that the *Wilson* case did not involve claims of minors, but County asserts that the rule should be the same, citing Van Alystine, California Government Tort Liability, page 178.

---

[7] In oral argument Judith's counsel pointed out that under section 950.4 of the Government Code, the issue is whether she knew "or had reason to know" that the accident was caused by County employees, while the question on the previous appeal was whether her failure to file a claim within 100 days was "through mistake, inadvertence, surprise or excusable neglect." (Gov. Code, § 946.6, subd. (c)(1).) In the case at bar, the two concepts coalesce. The finding that the attorney inexcusably neglected to obtain the report of the highway patrol which was available to him a few days after the accident, necessarily implies that he had reason to know of the involvement of county employees.

We conclude that County's reliance on *Wilson* v. *People* ex rel. *Dept. Pub. Wks., supra,* is misplaced. There, the court held that because the original complaint failed to allege presentation of a claim against the State, it failed to state a cause of action and therefore no valid complaint existed to which an amended complaint could relate back. (*Id.,* at pp. 668-669.) Here, in contrast, the original complaint alleged that plaintiffs "did not know and did not have reason to know" within the claim-filing period that the public defendants might be responsible for the accident. Government Code sections 911.6 and 946.6,[8] in effect, and section 950.4[9] by its terms, mean that plaintiffs sufficiently stated a cause of action to permit the amended complaint to relate back to the original complaint.

We conclude that the causes of action for personal injuries and wrongful death asserted by the Black minors were not barred by the provisions of Government Code section 946.6, subdivision (f), and the trial court's various rulings to that effect were correct.

■ We next consider appellants' contention that the court erroneously denied their request for certain instructions. Appellants requested two instructions (based upon Gov. Code, §§ 830.4[10] and 830.8[11]) which were refused and which read:

"You may not find that Fullerton Road was in a dangerous condition on July 27, 1968 because the County of Los Angeles failed to provide regulatory traffic control signs, speed restriction signs or destinctive [*sic*] roadway markings."

---

[8]Section 911.6: "The board shall grant the [late] application where .... The failure to present the claim was through mistake, inadvertence, surprise or excusable neglect ...." Section 946.6: "The court shall relieve the petitioner from the [claim requirements] ... if the court finds that . . . The failure to present the claim was through mistake, inadvertence, surprise or excusable neglect ...."

[9]Section 950.4: "A cause of action against a public employee ... is not barred [if an action against the entity is barred] ... if the plaintiff pleads and proves that he did not know or have reason to know ...." that the injury was caused by the entity or employee.

[10]Government Code section 830.4 reads: "A condition is not a dangerous condition within the meaning of this chapter merely because of the failure to provide regulatory traffic control signals, stop signs, yield right-of-way signs, or speed restriction signs, as described by the Vehicle Code, or distinctive roadway markings as described in Section 21460 of the Vehicle Code."

[11]Government Code section 830.8 reads: "Neither a public entity nor a public employee is liable under this chapter for an injury caused by the failure to provide traffic or warning signals, signs, markings or devices described in the Vehicle Code. Nothing in this section exonerates a public entity or public employee from liability for injury proximately caused by such failure of a signal, sign, marking or devise [*sic*] (other than one described in Section 830.4) was necessary to warn of a dangerous condition which endangered the safe movement of traffic and which would not be reasonably apparent to, and would not have been anticipated by, a person exercising due care."

"Neither a public entity nor a public employee is liable for any injury caused by the failure to provide traffic or warning signals, signs, markings or devices describing the vehicle code, unless you find that such signals, signs, markings or devices were necessary to warn of a dangerous condition which endangered the safe movement of persons using the road in a prudent manner, and you also find that such condition would not be reasonably apparent to, or would not have been anticipated by, a person using due care. In considering whether the condition would have been reasonably apparent to or would have been anticipated by, a person exercising due care, you should consider the existence of warning signals, signs, markings or devices which were present on the day of the accident."

Plaintiffs called six county employees under Evidence Code section 776 and interrogated them regarding signs at the scene of the accident. These examinations dealt with both regulatory signs (45-mile speed limit) and warning signs (a specific sign for the specific hole). Plaintiffs also called four expert witnesses who testified to the need for additional traffic signs or roadway markings on Fullerton Road. These witnesses testified that Fullerton Road was dangerous because of a lack of traffic signs. In their brief on appeal respondents argue "Extensive scientific evidence was offered to indicate that such speed limit [45 M.P.H.] was dangerously high, and that the nature of the curve on which the accident occurred, and its super-elevation, and the hazardous condition of the shoulder of the roadway, dictated that it was negligence to have a posted speed limit of 45 miles per hour."

The evidence clearly demonstrates that plaintiffs sought to impose liability on defendants because of a failure to post proper regulatory signs regarding speed and for failure to post warning signs regarding the specific hazard (the specific hole at the point where the edge of the road joined the shoulder).[12] Government Code sections 830.4 and 830.8 grant immunity to a public entity and its employees for failure to provide regulatory traffic control signs or signs described in the Vehicle Code, but section 830.8 creates an exception where the warning "was necessary to warn of a dangerous condition which endangered the safe movement of traffic and which would not be reasonably apparent to, and would not have been anticipated by, a person exercising due care." In our view on the state of this record where evidence of failure to post regulatory signs

[12]There was evidence from which the jury could infer that County had actual knowledge of the specific hazard. The shoulder was scheduled to be graded on July 8, 1968, 19 days before the accident because of its defective condition, but apparently the grading was not done as scheduled.

and failure to post warning signs had been intermingled, the jury should have been instructed at County's request to distinguish between the two types of signs since County and its employees were immune from liability for failure to post regulatory signs. (Gov. Code, § 830.4; *Dahlquist v. State,* 243 Cal.App.2d 208 [52 Cal.Rptr. 324].) However, error requires reversal only when it is prejudicial—when reversal is required to prevent a miscarriage of justice. (Cal. Const., art. VI, § 13; *Davis v. Ward,* 219 Cal.App.2d 144, 151 [32 Cal.Rptr. 796].) In the case at bar there was substantial evidence that a dangerous and defective condition in the road existed, that the defendants were aware or should have been aware of such dangerous and defective condition, that that dangerous and defective condition was a proximate cause of the accident, and that defendants posted no warning signs to warn the traveling public of such dangerous and defective condition. Under this state of the record the fact that the County had failed to post proper regulatory traffic control signs undoubtedly had little if any effect on the jury's verdict. It is the age old trial problem of a litigant who had the burden of proof undertaking to prove more than is required—a "gilding of the lily." We have examined all of the instructions which the court gave. We fail to find any instruction on the duty to warn of a dangerous or defective condition. The instructions given indicate that the primary issues were whether or not a dangerous or defective condition existed and whether or not County knew or should have known that it existed in time to take corrective action. Under these circumstances the difference between regulatory traffic control signs and warning signs becomes somewhat meaningless, since the jury was not instructed on the subject of any kind of signs. The difference between regulatory signs and warning signs was an abstract question under these facts. The failure to properly instruct on an abstract question is not reversible error. (*Wilkinson v. Southern Pacific Co.,* 224 Cal.App.2d 478, 482 [36 Cal.Rptr. 689]; *Trelut v. Kazarian,* 110 Cal.App.2d 506, 512 [243 P.2d 104].)

We conclude that although the refusal of the court to give the instructions requested by defendants was error, it was not sufficiently prejudicial to require reversal.

■ Appellants argue that they should have been given credit for $70,000 (the amount of the settlement between Blacks and Vinson) rather than the $30,000 which Sutton's insurance carrier paid which represented the limits of liability under the policy which it had issued. Respondents assert that Sutton's insurance carrier paid the additional

$40,000 because of threats of action that it had breached an implied covenant of good faith to settle within the limits of the policy and therefore such additional $40,000 was not money received from a "tortfeasor claimed to be liable for the same tort." Neither side cites any authority for its position which interprets Code of Civil Procedure section 877. This therefore appears to be a case of first impression. The statutory language is clear that the defendants are entitled to have the claims against them reduced "in the amount stipulated by the release, the dismissal or the covenant, or in the amount of the consideration paid for it *whichever is the greater.*" (Code Civ. Proc., § 877.) (Italics ours.) On our own motion we have augmented the record on appeal to include the superior court file in *Black* v. *Sutton,* No. EAC 8428, which was apparently before the trial court herein when it passed upon County's motion to reduce the judgments by the sum of $70,000. We have examined the file in *Black* v. *Sutton,* EAC 8428, and the order therein approving the settlement. It is clear that the amount stipulated to was $70,000. It therefore is immaterial under the statute that only $30,000 was paid under the limits of the policy (as respondents contend) even if that be the fact. In our view, Code of Civil Procedure section 877 would compel a reduction of the judgments against appellants in the full sum of $70,000 as they request, were it not for the fact that it appears from the *Black* v. *Sutton* file that $35,000 were paid to Judith. Since there will be no judgment in her favor, County cannot take advantage of the money paid to her.

Lastly we consider appellants' claim that the trial court committed error in granting a new trial to Joel and Christopher on the issue of damages. The court signed detailed written specification of reasons. In these written specifications the court set forth summaries of medical evidence regarding the nature of injuries sustained and future medical expenses which were reasonably certain to be required. The court concluded that the amount awarded for personal injuries was inadequate and granted the motions of Joel and Christopher for a new trial on the issue of damages alone. In our view the specification of reasons was sufficient to comply with Code of Civil Procedure section 657. The order granting new trial is appealable. (Code Civ. Proc., § 904.1, subd. (d).)

Appellants argue that the court allowed Judith to recover past and future medical expenses in the sum of $28,900 against the individual

defendants and then allowed Joel and Christopher to have a retrial on the issue of future medical expenses against County and the individual defendants.

■ We think the court erred in allowing the verdict to stand in favor of Judith individually for the $28,900, for the reasons already stated above, and for the additional reason that Judith never sued for such medical expenses. The amended complaint alleged three causes of action: an action by Christopher for *his* general and special damages, an action by Joel for his general and special damages and an action by Judith and the Black minors for damages for the wrongful death of Lee Roy Black, Sr. Judith did not file a separate action to recover medical expenses past or future which she incurred or would incur on behalf of Joel or Christopher. Under this state of the pleadings the verdict should have awarded the past and future medical expenses of Joel and Christopher directly to Joel and Christopher or to Judith as guardian ad litem for Joel and Christopher. It was improper to make such an award to Judith in her individual capacity since she had not sued therefor in her individual capacity. Since we conclude that the trial court properly granted a new trial to Joel and Christopher on the issue of damages alone, such retrial should include the issue of special medical damages past and future.

The order granting Joel and Christopher new trials on the issue of damages alone was not erroneous.

The judgment in favor of Christopher Black, Joel Black, Lee Roy Black, Jr., and Jeffrey Black, minors, by Judith Black, their guardian ad litem, for the wrongful death of Lee Roy Black, Sr., against all defendants is affirmed; the judgment in favor of Judith L. Black, individually, in the sum of $28,900, against John McBride, I. L. Morhar, Bernard Heim, Marshall Rooks and L. J. Kenyon, for medical expenses incurred or to be incurred on behalf of Joel Black and Christopher Black is reversed; the judgment in favor of Judith L. Black, individually, against John McBride, I. L. Morhar, Bernard Heim, Marshall Rooks and L. J. Kenyon in the sum of $32,100 for the wrongful death of Lee Roy Black, Sr., is reversed. The trial court is instructed to enter judgment in favor of all defendants and against Judith on all causes of action in her individual capacity. The order reducing the judgment in favor of plaintiffs in the sum of $30,000 is reversed with instructions to reduce the final judgments in favor of the Black minors by

no more than $35,000;[13] the appeals from the order granting Joel Black and Christopher Black new trials on the issue of damages alone are affirmed. Each party to bear his own costs on appeal.

Kaus, P. J., and Hastings, J., concurred.

Petitions for a rehearing were denied March 26, 1976, and the opinion and the judgment were modified to read as printed above.

---

[13]The record does not permit us to be more specific. While we do know that a total of $10,000 was paid to the four minors on account of their father's death, this figure was arrived at after deducting counsel fees and other expenses. Other sums were allocated to the personal injury causes of action which will be retried on the issue of damages.