[Civ. No. 24850. First Dist., Div. One. Mar. 12, 1969.]

VERA ROSE SHADDOX, Plaintiff and Appellant, v. WIL-
LIAM C. MELCHER et al., Defendants and Respond-
ents.

Thomas L. Bocci and Frank L. Magnani for Plaintiff and Appellant.

Robert E. Friedrich and Jay R. Mayhall for Defendants and Respondents.

ELKINGTON, J.—This appeal is from an order of the superior court denying a petition of plaintiff Vera Rose Shaddox for relief from having to present a late claim against the State of California pursuant to Government Code section 946.6.

In a complaint filed November 4, 1966, in a superior court action, plaintiff alleged that on July 1, 1966, while operating a motor vehicle, she suffered injuries and damages as a proximate result of the negligence of the operators of two other automobiles. As to one of the offending vehicles she alleged the following: "That at all times herein mentioned, William C. Melcher and Doe One, were the operators of a certain 1963 Dodge automobile, which was owned by defendants, William C. Melcher and Doe Two, and that said defendants, William C. Melcher and Doe One were the agents and servants of William C. Melcher and Doe Two, and at all times were acting within the scope and purpose of said agency."

Thereafter, on December 19, 1966, plaintiff served upon the Board of Control of the State of California her application to present a late claim against the state founded on the subject matter of the November 4, 1966 complaint. The sole support of the petition was the declaration of *plaintiff's attorney* which as relevant here recited:

"That declarant was not advised or informed of sufficient facts by his client within one hundred (100) days of the date of the accident to fully and clearly establish that defendant, William C. Melcher, was an employee of the State of California and driving an automobile belonging to the State of California or owned by the State of California while in the scope of his employment; that attempts were made to contact witnesses who might have had some information in this regard and which efforts did not prove successful; that declarant is now informed that said defendant, William C. Melcher, was, in fact, an employee of the State of California and was driving said automobile while within the scope of his employment; that if said knowledge had come to his attention during the one hundred (100) day period, he would then have filed said claim; that in the absence of adequate knowledge, evidence or

a thorough investigation, neither the plaintiff nor her counsel were sufficiently knowledgeable or informed on this subject to have charged the said defendant, William C. Melcher, as having been an employee of the State of California and acting as such within the scope of his employment at the time and hour of this accident. [ ¶ ] That failure of said plaintiff to file her claim with the State of California within one hundred (100) days of the date of the accident was inadvertent and without negligence upon the part of this declarant or his client, the plaintiff herein; . . .''

The application was denied by the board of control.

On February 1, 1967, plaintiff filed her application in the superior court action for ''leave to present late claim.'' No additional factual matter was presented; it was supported only by the declaration of plaintiff's attorney which had been previously presented to the board of control.

In the superior court proceedings defendant Melcher filed his declaration in opposition to the application of plaintiff. As material here, he alleged that at the time and place of the accident: ''I was interviewed by the Highway Patrol and, in addition to furnishing my name and personal address I gave them the name of my employer, State of California, Division of Highways, 150 Oak Street, Telephone Number 557-2583. [ ¶ ] I was driving a 1963 Dodge 4-door Sedan, License Number (e) 31322, California, 1966, registered to the Department of Public Works, Division of Highways, 34 Stockton Boulevard, Sacramento, California. At that time and place the vehicle I was driving had a sticker on the door on either side of the vehicle, identifying the ownership of the vehicle.''

The parties agree that the issue before the superior court was whether, in the language of Government Code section 946.6, subdivision (c)(1), ''The failure to present the claim [timely to the State Board of Control] was through mistake, inadvertence, surprise or excusable neglect.''

*Viles* v. *State of California,* 66 Cal.2d 24, 29 [56 Cal. Rptr. 666, 423 P.2d 818], holds that the showing required as to mistake, inadvertence, surprise or excusable neglect in proceedings to file a late claim against a governmental agency, ''is the same as required under section 473 of the Code of Civil Procedure for relieving a party from a default judgment.'' In such case the burden of showing ''mistake, inadvertence, surprise or excusable neglect'' is on the moving party (*Yarbrough* v. *Yarbrough,* 144 Cal.App.2d 610, 614-615 [301 P.2d 426]) who must meet his burden by a ''preponder-

ance of the evidence'' (*Elms* v. *Elms,* 72 Cal.App.2d 508, 519 [164 P.2d 936]).

 Although the statutes refer, as a requirement for relief, to ''mistake, inadvertence, surprise or excusable neglect,'' only ''neglect'' is qualified by the adjective ''excusable.'' However, it is uniformly held that for relief on any or all of the stated grounds it must be shown that one's misconception was reasonable, or that it might have been the conduct of a reasonably prudent person under similar circumstances. (See *Tammen* v. *County of San Diego,* 66 Cal.2d 468, 475-478 [58 Cal.Rptr. 249, 426 P.2d 753]; *Viles* v. *State of California, supra,* 66 Cal.2d 24, 29-31; *McGuire* v. *Drew,* 83 Cal. 225, 229 [23 P. 312]; *Costa* v. *Traina,* 200 Cal.App.2d 655, 658-659 [19 Cal.Rptr. 521]; *Kooper* v. *King,* 195 Cal. App.2d 621, 625-627 [15 Cal.Rptr. 848]; *Hodge Sheet Metal Products* v. *Palm Springs Riviera Hotel,* 189 Cal.App.2d 653, 656-657 [11 Cal.Rptr. 435]; *Reed* v. *Williamson,* 185 Cal. App.2d 244, 249 [8 Cal.Rptr. 39]; *Garcia* v. *Gallo,* 176 Cal. App.2d 658, 665-668 [1 Cal.Rptr. 539]; *Fidelity Federal Sav. & Loan Assn.* v. *Long,* 175 Cal.App.2d 149, 154-156 [345 P.2d 568]; *Berry* v. *Berry,* 140 Cal.App.2d 50, 59-60 [294 P.2d 757]; *Baratti* v. *Baratti,* 109 Cal.App.2d 917, 921-922 [242 P.2d 22]; *Elms* v. *Elms, supra,* 72 Cal.App.2d 508, 512-513; *Miller* v. *Lee,* 52 Cal.App.2d 10, 16 [125 P.2d 627].)

 The question now before this reviewing court is whether the trial court abused its discretion in denying plaintiff's petition. (*Viles* v. *State of California, supra,* 66 Cal.2d 24, 28-29.)

The undisputed evidence shows that the automobile being driven by defendant Melcher had the usual State of California insignia on its doors, and that he informed the highway patrol that his employer was the Division of Highways, State of California. The car bore exempt (E) license plates.

 It seems proper at this point to quote from *Tammen* v. *County of San Diego, supra,* 66 Cal.2d 468, 478, the following: ''It is not the purpose of remedial statutes to grant relief from defaults which are the result of inexcusable neglect of *parties or their attorneys.* . . .'' (Italics added.)

 Plaintiff personally offered no proof of any kind in support of her contention that the tardy presentation of her claim was excusable. Nowhere does it appear that she personally lacked information immediately following the accident, or within a reasonable time thereafter, that Melcher was state-employed and his car state-owned. That she did have

some knowledge is suggested by her attorney's declaration that "he was not advised or informed of *sufficient* facts by his client within one hundred (100) days of the date of the accident to *fully and clearly* establish that defendant" Melcher was state-employed and driving a state car. (Italics added.) The trial court was not informed as to the nature of such facts as were related to counsel, nor why he did not follow up such information as was given him. No reason was given for failure to make a timely, and obviously reasonable, inquiry of the highway patrol for information concerning the employment of the driver Melcher and the ownership of the car he was driving. That such information is available (see Veh. Code, § 20012) is commonly known to lawyers and even to laymen. Without reciting what was done, the attorney simply alleged "that attempts were made to contact witnesses who might have had some information in this regard and which efforts did not prove successful." As stated in *Tammen* v. *County of San Diego, supra,* 66 Cal.2d 468, 478, "It stretches one's credulity to believe that this information could not have been ascertained through the exercise of reasonable diligence. . . ."

The trial court could reasonably have concluded that plaintiff had *not* met the burden of establishing, by a preponderance of the evidence, that her failure to present her claim within the 100-day period might have been the conduct of a reasonably prudent person under similar circumstances. There was thus no abuse of discretion and the trial court's order must be affirmed.

The order is affirmed.

Molinari, P. J., and Sims, J., concurred.