[Civ. No. 35998. Second Dist., Div. One. Nov. 4, 1970.]

JUDITH BLACK, Plaintiff and Appellant, v.
COUNTY OF LOS ANGELES, Defendant and Respondent.

COUNSEL

Archer Zamloch for Plaintiff and Appellant.

John D. Maharg, County Counsel, Michael Langs and Philip S. Miller, Deputy County Counsel, for Respondent.

OPINION

LILLIE, J.—Judith Black appeals from judgment of the superior court denying her petition for relief from the provisions of section 945.4, Government Code, requiring a written claim be presented to the County of Los Angeles before an action may be brought against it.

On July 27, 1968, appellant's husband, driving two of their four minor children northbound on Fullerton Road near Aguirro Street in an unincorporated area of the County of Los Angeles, was killed when a southbound car driven by Lawrence Sutton crashed head-on into his automobile; the two minors were injured. On that day, within twenty-four hours after the collision, two members of the California Highway Patrol investigated the accident and made a report showing, among other things, measurements and the exact location of the accident. On August 6, 1968, appellant retained Archer Zamloch who immediately sent Earl Thomas, his associate, to interview appellant. Thomas received from her two newspaper accounts of the accident and directed by them went to Fullerton Road where he inspected a portion thereof at a place considerably distant from the actual scene of the accident. Apparently satisfied with this inspection Zamloch, on August 20, 1968, filed suit against Sutton alleging the wrongful death of appellant's husband and personal injuries to the minors.[1] On May 2, 1969, Zamloch took Sutton's deposition wherein Sutton claimed that the proximate cause of the accident was the condition of Fullerton Road there which caused him to lose control of his vehicle when one of the wheels dropped off the roadway onto the shoulder; he described the drop-off as perpendicular and one in which the shoulder of the road was approximately eight inches lower than the road surface. Immediately after taking Sutton's deposition Zamloch gave Thomas a copy of the California Highway Patrol report which showed the exact location of the accident and requested him to return to and examine the scene of the accident. Thomas' inspection

___

[1]Meanwhile Lawrence Sutton was convicted of manslaughter in connection with this accident; it also appears from the briefs of the parties herein that appellant's civil action on her own behalf and that of the four minors was subsequently settled based upon $15,000-$30,000 policy limits of Sutton's insurance coverage.

with the aid of the Highway Patrol report for the first time suggested to Zamloch a potential cause of action against the County of Los Angeles. Thus, on May 9, 1969, pursuant to section 911.4, Government Code, appellant for herself and on behalf of the four minors made application to the board of supervisors for leave to present a late claim for damages for the death of her husband and injuries to the two minors based upon her allegation that the claim was not presented within the 100-day period by reason of mistake, inadvertence, surprise and excusable neglect. The record shows that the application was filed with the board of supervisors 6 months beyond the 100-day period within which to file a claim pursuant to section 911.2 and more than 9 months beyond the accrual of her cause of action. Upon denial of the application, appellant on July 8, 1969, filed the within petition; the petition filed on behalf of the four minors was granted but her petition was denied.

The foregoing, contained in the supporting declarations of Archer Zamloch and Earl Thomas was uncontroverted. At the hearing two county employees were called by appellant as adverse witnesses on the issue of prejudice to the county. The trial court made findings of fact among which included one that had inspection of the scene of the accident with the aid of the California Highway Patrol report been made immediately after appellant engaged the services of Zamloch any potential cause of action against the county would have been suggested at that time; and concluded that appellant's application for leave to present a late claim, although made within one year after the accrual of her cause of action, was not made within a reasonable time, and her failure to present a claim not later than the 100th day provided by section 911.2, Government Code, was not through mistake, inadvertence, surprise or excusable neglect and does prejudice the County of Los Angeles.[2]

Appellant's position is that the uncontradicted evidence shows good cause for relief upon the ground of mistake, inadvertence and excusable neglect; the application for leave to file late claim was made within a reasonable time because she was first alerted to the condition of the road and that the same was a proximate cause of the accident when Sutton testified on deposition (May 2, 1969) and the application was filed a week later (May 9, 1969); and respondent failed to establish it was prejudiced by the delay.

---

[2]It was contended by the county that subsequent to the accident and prior to May 2, 1969, the County of Los Angeles had in the normal course of maintenance graded the exact location on Fullerton Road at which the accident occurred, and it is impossible to accurately and fairly determine the condition of the road and road shoulders at the time and place of the accident.

█ It is well established that the decision whether a petitioner will be relieved of his default lies within the discretion of the trial judge and appellate courts will not interfere except for an abuse of discretion. (*Martin* v. *City of Madera*, 265 Cal.App.2d 76, 79 [70 Cal.Rptr. 908].) We are not unaware that this rule, as pointed out in *Viles* v. *State of California*, 66 Cal.2d 24 [56 Cal.Rptr. 666, 423 P.2d 818], at pages 28-29, "does not preclude reversal of an order denying relief where adequate cause for such relief is shown by uncontradicted evidence or affidavits of the petitioner, nor should it be employed to defeat the liberal policies of remedial statutes designed for that purpose. [Citation.] It has often been said that denials of such relief by the trial court are scanned more carefully than cases where the court granted the relief, to the end that wherever possible cases may be heard on their merits, and any doubts which may exist should be resolved in favor of the application. [Citations.]" (*Nilsson* v. *City of Los Angeles*, 249 Cal.App.2d 976, 979 [58 Cal.Rptr. 20]; *Daley* v. *County of Butte*, 227 Cal.App.2d 380, 389 [38 Cal.Rptr. 693].)

█ Section 946.6, subdivision (c), Government Code, provides that a trial court shall relieve a petitioner from the need to present a claim to a public entity before bringing suit if it finds that petitioner applied to the board of supervisors for leave to present a late claim "within a reasonable time not to exceed one year after the accrual of the cause of action" *and* that "[t]he failure to present the claim was through mistake, inadvertence, surprise or excusable neglect." Thus a person seeking leave to file a late claim must surmount two hurdles. (*Tammen* v. *County of San Diego*, 66 Cal.2d 468, 474 [58 Cal.Rptr. 249, 426 P.2d 753]; *Martin* v. *City of Madera*, 265 Cal.App.2d 76, 80, fn. 1 [70 Cal.Rptr. 908].)

█ We direct our attention first to the issue of mistake, inadvertence or excusable neglect for if there was a mistake and the same was the actual cause of appellant's failure to comply with the 100-day requirement, the delay was reasonable for obviously her application to the board could not have been made until she discovered the mistake. (*Viles* v. *State of California*, 66 Cal.2d 24, 32 [56 Cal.Rptr. 666, 423 P.2d 818].) "The showing required of a petitioner seeking relief because of mistake, inadvertence, surprise or excusable neglect under section 912, subdivision (b)(1), of the Government Code[3] is the same as required under section 473 of the Code of Civil Procedure for relieving a party from a default judgment. [Citation.]" (*Viles* v. *State of California*, 66 Cal.2d 24, 29 [56 Cal.Rptr. 666, 423 P.2d 818]; *Tammen* v. *County of San Diego*, 66 Cal.2d 468, 475-476 [58 Cal.Rptr. 249, 426 P.2d 753]; *Shaddox* v. *Melcher*, 270 Cal.App.2d 598,

[3]In 1965 section 912 was repealed, and a new procedure for obtaining judicial relief was set forth in section 946.6, Government Code.

600 [76 Cal.Rptr. 80].) An examination of the cases applying section 473 of the Code of Civil Procedure discloses that it is not every mistake that will excuse a default, the determining factor being the reasonableness of the misconception. (*Viles* v. *State of California,* 66 Cal.2d 24, 29 [56 Cal.Rptr. 666, 423 P.2d 818].) Likewise this applies to excusable neglect. "It is not the purpose of remedial statutes to grant relief from defaults which are the result of inexcusable neglect of parties or their attorneys in the performance of the latter's obligation to their clients. [Citation.]" (*Tammen* v. *County of San Diego,* 66 Cal.2d 468, 478 [58 Cal.Rptr. 249, 426 P.2d 753].) *Tammen* also defines excusable neglect, citing *A & S Air Conditioning* v. *John J. Moore Co.,* 184 Cal.App.2d 617, 620 [7 Cal.Rptr. 592], "Excusable neglect is 'that neglect which might have been the act of a reasonably prudent person under the same circumstances.' [Citation.]" (*Tammen* v. *County of San Diego,* 66 Cal.2d 468, 476 [58 Cal.Rptr. 249, 426 P.2d 753].) "Although the statutes refer, as a requirement for relief, to 'mistake, inadvertence, surprise or excusable neglect,' only 'neglect' is qualified by the adjective 'excusable.' However, it is uniformly held that for relief on any or all of the stated grounds it must be shown that one's misconception was reasonable, or that it might have been the conduct of a reasonably prudent person under similar circumstances. [Citations.]" (*Shaddox* v. *Melcher,* 270 Cal.App.2d 598, 601 [76 Cal.Rptr. 80].)

Appellant asserts that the crucial question is "Was the above described mistake [inspection of the wrong location on Fullerton Road] by an attorney employed by Appellant's attorney under the circumstances set forth, so unforgiveably and inexcusably negligent as to deprive Appellant of her cause of action for the wrongful death of her husband?" This begs the question for the determining factor is not whether the "mistake" was "so unforgiveably and inexcusably negligent," but whether it was the result of conduct of a reasonably prudent person under similar circumstances. Moreover, the "mistake" is hardly that of Thomas in inspecting the wrong location but the failure of his employer, knowing appellant was not with her husband when the accident occurred, to obtain the California Highway Patrol report then available to both him and appellant, for the use of Thomas to determine and investigate the exact location of the accident. Nor is this the same kind of mistake discussed in *Viles* v. *State of California,* 66 Cal.2d 24 [56 Cal.Rptr. 666, 423 P.2d 818], cited by appellant. In *Viles,* plaintiff's "neglect to present his claim within 100 days because of his honest belief that he had a year to act was excusable" because " 'Both

the courts and Legislature have recognized that the labyrinth of claims statutes previously scattered throughout our statutes were traps for the unwary. [Citations.] An attempt has been made by the Legislature to remove such snares. . . .'" (P. 31.) Appellant places reliance on the uncontroverted nature of the evidence, but uncontradicted evidence that a mistake was made is not sufficient absent a substantial showing that the true facts could not have been ascertained through the exercise of reasonable diligence and that the mistake was the actual cause of the failure to comply with the 100-day requirement. (*Tammen* v. *County of San Diego,* 66 Cal.2d 468, 477-478 [58 Cal.Rptr. 249, 426 P.2d 753]; *Viles* v. *State of California,* 66 Cal.2d 24, 33 [56 Cal.Rptr. 666, 423 P.2d 818].)

Appellant's cause of action accrued July 27, 1968, and promptly she retained counsel who sent his associate, whom he describes as "a licensed but inexperienced attorney," to interview her and investigate the scene of the accident. Appellant had not been involved in the collision; thus directed only by newspaper clippings, one reporting the accident to have occurred on Fullerton Road on a curve south of Aguirro Street and the other, on Fullerton Road near Rowland Heights, the associate inspected what he thought to be the scene but in fact was somewhat removed therefrom. Satisfied with this investigation appellant's counsel filed appellant's complaint against Sutton. Eight months later on taking Sutton's deposition counsel says he was first alerted to a potential cause of action against the county when Sutton described the condition of the road he claimed caused him to lose control of his car. Immediately thereafter appellant's counsel for the first time obtained a copy of the Highway Patrol report and requested his associate to return to the scene. Thus, with the aid of the report for the first time he determined the actual site of the accident and, according to his declaration, saw "a high, sharp dangerous and defective ridge" created by the juncture of the roadway and shoulder, and that there was no evidence of any recent work performed on the roadway in that area.

It cannot be contended that appellant's counsel did not act diligently once apprised of the potential claim against the county, but under the circumstances it is readily apparent that had he exercised reasonable diligence when retained by appellant, he then would have discovered the asserted condition of Fullerton Road. Within twenty-four hours after the accident a California Highway Patrol report showing the exact location of the accident was prepared by two officers from their investigation at the scene, and thereafter became available to counsel. Had he then obtained the report and with the aid of the information contained therein made the investigation at the scene he would have seen the road condition which he claims gives rise to a cause of action against the county. Appellant asserts

there is no evidence to support the finding that the Highway Patrol report was available to her and her attorney shortly after the accident, but the finding was a proper one. In *Shaddox* v. *Melcher*, 270 Cal.App.2d 598 [76 Cal.Rptr. 80], the attorney's declaration stated that he had not been advised of sufficient facts by his client within 100 days to fully and clearly establish that defendant was state employed and driving a state car. Said the court at page 602: "The trial court was not informed as to the nature of such facts as were related to counsel, nor why he did not follow up such information as was given him. No reason was given for failure to make a timely, and obviously reasonable, inquiry of the highway patrol for information concerning the employment of the driver Melcher and the ownership of the car he was driving. That such information is available (see Veh. Code, § 20012) is commonly known to lawyers and even to laymen." (See also *Tammen* v. *County of San Diego*, 66 Cal.2d 468, 477 [58 Cal.Rptr. 249, 426 P.2d 753].) Appellant herein made no effort to establish in the court below that she attempted to obtain the report or that the report could not have been obtained through the exercise of reasonable diligence. One of the first acts of a reasonably prudent lawyer upon being retained by a client who was not present at the time of the accident would be to communicate with the California Highway Patrol and obtain a copy of its report, which he must know to exist in a fatal accident, to determine what and where it occurred, so that a proper investigation could be made and the exact location of the accident inspected prior to filing suit against the other driver. A petitioner must show more than that he did not discover a fact until too late; he must establish that in the use of reasonable diligence he failed to discover it. As said in *Tammen* v. *County of San Diego*, 66 Cal.2d 468 [58 Cal.Rptr. 249, 426 P.2d 753], at page 478, "It stretches one's credulity to believe that this information could not have been ascertained through the exercise of reasonable diligence. . . ." The trial court reasonably concluded that appellant did not meet the burden of establishing by a preponderance of evidence that her failure to present her claim within the 100-day period might have been the conduct of a reasonably prudent person under the circumstances. (*Shaddox* v. *Melcher*, 270 Cal.App.2d 598, 602 [76 Cal.Rptr. 80].) There was no abuse of discretion and the trial court's judgment must be affirmed.

Inasmuch as the County of Los Angeles had no burden to prove that it would be prejudiced by a late filing until petitioner has satisfied the court that her failure was due to mistake, inadvertence, surprise or excusable neglect and the claim was not filed within a reasonable time not to exceed one year after the accrual of the cause of action (*Tammen* v. *County of San*

*Diego,* 66 Cal.2d 468, 478 [58 Cal.Rptr. 249, 426 P.2d 753]), we deem it unnecessary to discuss the issue of prejudice.

The judgment is affirmed.

Wood, P. J., and Gustafson, J., concurred.

A petition for a rehearing was denied November 30, 1970, and appellant's petition for a hearing by the Supreme Court was denied January 14, 1971. Peters, J., and Sullivan, J., were of the opinion that the petition should be granted.