[Civ. No. 47977. Second Dist., Div. Five. Aug. 30, 1976.]

ELMER HASTY, Plaintiff and Appellant, v.
COUNTY OF LOS ANGELES, Defendant and Respondent.

**COUNSEL**

Charles R. Weldon for Plaintiff and Appellant.

John H. Larson, County Counsel, and Neal Moore, Deputy County Counsel, for Defendant and Respondent.

**OPINION**

**KAUS, P. J.**—Appeal from an order denying relief from the provisions of Government Code section 945.4 relating to claims against public entities. Superior court relief was sought under the provisions of section 946.6.[1] The relevant time-table is as follows:

> *August 22, 1974:* Certain deputy sheriffs came to appellant's residence to arrest his son. Somehow appellant was also arrested. In attempting to effect that arrest, the deputies allegedly used "undue and unjustifiable force" on appellant's person. He received injuries consisting of broken ribs, liver damage, hernia, and damage to his teeth. These injuries required medical care.

[1]All statutory references are, unless otherwise indicated, to the Government Code.

*November 1974:* Unspecified criminal charges against appellant were dismissed on an unspecified date in November 1974. In connection with these charges, appellant had retained counsel.

*November 25, 1974:* Appellant's then counsel received certain unspecified medical information and advised appellant that he "may have a claim against Los Angeles County."

*November 30, 1974:* The 100-day period of limitations provided in section 911.2 expired.

*January 10, 1975:* Appellant consults new counsel, who started an investigation "to determine whether there were sufficient facts to support a valid claim. . . ."

*January 22, 1975:* New counsel received the medical report which had been given to former counsel on November 25, 1974.

*March 10, 1975:* Counsel's investigator completed his investigation and submitted a report to counsel. Counsel determined—precise date unknown— "that a claim was in order."

*May 5, 1975:* An application for leave to present a late claim was made to respondent.

*June 23, 1975:* Appellant received notice of denial of his application.

*July 8, 1975:* Superior court petition for order relieving appellant from the provisions of section 945.4 was filed.

Additional relevant matters alleged in the superior court petition are: Although new counsel informed appellant that the 100-day limitation had passed when "contact was first made with present counsel" appellant was not then aware of sufficient facts to support a valid claim. Appellant further alleged that "there are no written reports on file with the Los Angeles County Sheriff's Department regarding the arrest of petitioner, although petitioner was held overnight and released; . . ." No declaration of counsel was before the superior court.

The reporter's transcript of the argument which preceded the court's denial of relief indicates that the court was particularly swayed by the

total lack of an explanation for the delay between March 10 when the investigation was completed and May 5 when the first step toward effecting appellant's claim—the application to the county under section 911.4—was finally taken.[2]

■ The appeal has no merit. That a late claimant who seeks relief under section 946.6 may be barred by inexcusable delay by counsel was established in *Black* v. *County of Los Angeles,* 12 Cal.App.3d 670, 674-677 [91 Cal.Rptr. 104]. Appellant attempts to distinguish *Black* on the basis that there the neglect consisted of failing to obtain an accident report, while in this case the county allegedly kept no report of the incident in question. The distinction is inapplicable. In *Black* only the accident report would have revealed that the county was a possible defendant to the proposed action. Here, counsel was presumably privy to his client's version of the August 22, 1974, incident from the time of the first client-contact on January 10, 1975.[3] The trial court, apparently, felt that it was not unreasonable for counsel to investigate before filing and excused the delay between January 10 and March 10, 1975. We accept this implied ruling as a reasonable exercise of the trial court's discretion. Neither, however, can we fault the court's express ruling that no explanation for the continued delay after March 10, 1975, was offered.

Appellant refers us to the recent Supreme Court decision of *Williams* v. *Horvath,* 16 Cal.3d 834, 842 [129 Cal.Rptr. 453, 548 P.2d 1125], holding that even if an action under section 1983 of the federal Civil Rights Act (42 U.S.C. § 1983), is brought in a state court, the claims provisions of the Government Code are "inoperative." The case is not in point. The late claim appellant wants to file is directed against the County of Los Angeles. Section 1983 actions can only be brought against individuals. (*Moor* v. *County of Alameda* (1973) 411 U.S. 693, 699-700 [36 L.Ed.2d 596, 603-605, 93 S.Ct. 1785]; *Monroe* v. *Pape* (1961) 365 U.S. 167, 187-191 [5 L.Ed.2d 492, 505-507, 81 S.Ct. 473].) All *Williams* holds is that if appellant wishes to pursue—or for all we know is already pursuing—a section 1983 action against the individual deputies involved in the

[2]"I'm afraid you haven't shown appropriate diligence, counsel. I could go along with the various examinations, but at March 10th, your investigator pleaded [completed?] the investigation and application for a late claim then wasn't filed until May 5th, which was almost 60 days thereafter. Petition will be denied reluctantly."

[3]During the trial court argument, counsel explained his failure to file a claim before his investigation was completed as follows: "The only thing is we would feel like we approach our lawsuits with reasonable prudence and we don't like to file suits at the drop of a hat and especially to be accused of any vexatious lawsuits or suits without any basis." This does not explain the delay after March 10.

August 22, 1974, altercation, he need never file a claim. Thus, to the extent that the superior court petition for leave to file a late claim was intended as a prelude to a section 1983 action against the individual deputies, *Williams* has made any error in the denial moot.

 Finally, contrary to appellant's assertions, we need not reach the issue whether the county was prejudiced by his failure to file a timely claim. The county had no burden to establish prejudice until appellant had satisfied the superior court that his failure to present the claim was "through mistake, inadvertence, surprise or excusable neglect. . . ." (§ 946.6, subd. (c)(1); *Black* v. *County of Los Angeles, supra,* 12 Cal.App.3d 670, 677-678.)

The order appealed from is affirmed.

Stephens, J., and Ashby, J., concurred.