139 Cal.App.3d 152 (1983)
188 Cal. Rptr. 644
DIANE SHANK, Plaintiff and Appellant,
v.
COUNTY OF LOS ANGELES, Defendant and Respondent.
Docket No. 65260.
Court of Appeals of California, Second District, Division One.
January 18, 1983.
*154 COUNSEL
Rowen, Swanson, Rose & Simon and Robert G. Rassp for Plaintiff and Appellant.
*155 Keenan & Tobin, Horvitz & Greines, Ellis J. Horvitz and David S. Ettinger for Defendant and Respondent.
OPINION
LILLIE, Acting P.J.
Diane Shank appeals from judgment denying her petition for relief (Gov. Code, § 946.6) from the provisions of section 945.4, Government Code, requiring that a written claim be presented to respondent County of Los Angeles before an action may be brought against it.
Shank allegedly sustained personal injuries on July 24, 1980, when she slipped and fell on the premises of the Los Angeles County Olive View Medical Center (Olive View) as she was leaving a doctor's office there. On August 13, 1980, Shank's attorney sent a letter to Olive View explaining the circumstances of the accident and requesting that the hospital forward the letter to its insurance carrier. In a letter dated August 15, 1980, the hospital responded by indicating that it was "unable to identify this patient." The letter was written on stationery which bore the letterhead "LOS ANGELES COUNTY-OLIVE VIEW MEDICAL CENTER" in block letters three-sixteenths inch high; to the left of this inscription appeared the county seal with the words "Department of Health Services" beneath it. On August 20, 1980, Shank's attorney sent another letter to Olive View stating that his client was not a patient but a claimant and again requesting that the letter be turned over to the hospital's insurance carrier. On September 28, 1980, the attorney sent a third letter to Olive View indicating that he had not heard from its insurance carrier. On December 9, 1980, the hospital wrote to Shank's attorney stating that inasmuch as the incident occurred on county premises, a complaint should be filed with the clerk of the board of supervisors. On December 23, 1980, Shank presented to the county a written application for leave to file a late claim for damages for personal injuries sustained in her slip-and-fall accident at the hospital. The application was denied on February 5, 1981. Shank then filed the within petition setting forth the above facts and alleging that the reason for the delay in presenting the claim was mistake, inadvertence, surprise or excusable neglect. In his declaration in support of the petition Shank's attorney stated that he was not informed that Olive View is a "county entity" until he received the letter of December 9, 1980, which was more than 100 days after accrual of Shank's cause of action for personal injuries.
Government Code section 911.2[1] requires that a claim relating to a cause of action for personal injury be presented to a public entity within 100 days after *156 accrual of the cause of action. When such a claim has not been timely presented, section 911.4 permits written application to the public entity for leave to file a late claim. If the public entity denies such application, section 946.6, subdivision (a), authorizes a petition to the superior court for relief from the provisions of section 945.4 requiring the presentation of a written claim to a public entity before an action for damages may be brought against it. Such relief shall be granted "if the court finds that the application ... under Section 911.4 was made within a reasonable time not to exceed [one year after the accrual of the cause of action] ... and that ... [t]he failure to present the claim was through mistake, inadvertence, surprise or excusable neglect...." (§ 946.6, subd. (c).)
(1) The granting or denial of a petition for relief under section 946.6 rests within the discretion of the trial court and its determination will not be disturbed on appeal except for abuse of that discretion. (Rivera v. City of Carson (1981) 117 Cal. App.3d 718, 725 [173 Cal. Rptr. 4]; Roberts v. State of California (1974) 39 Cal. App.3d 844, 847 [114 Cal. Rptr. 518].) It is true that an appellate court more carefully scans the denial than the allowance of such relief to the end that wherever possible cases may be heard on their merits. (Viles v. State of California (1967) 66 Cal.2d 24, 29 [56 Cal. Rptr. 666, 423 P.2d 818].) Nevertheless, we cannot arbitrarily substitute our judgment for that of the trial court. (Bennett v. City of Los Angeles (1970) 12 Cal. App.3d 116, 120 [90 Cal. Rptr. 479].) "Unless, ultimately, each case of this nature is to be decided by the Court of Appeal as if no trial court had ever acted on the petition, we must be careful to preserve the area of the superior court's discretion, and we must do this in fact, as well as in words." (Ibid.)
(2) Before a court may relieve a potential plaintiff from the claim requirement of section 945.4, the plaintiff must demonstrate by a preponderance of the evidence that his application to the public entity for leave to file a late claim was presented within a reasonable time, and that the failure to file a timely claim was due to mistake, inadvertence, surprise or excusable neglect.[2] (Rivera v. City of Carson, supra, 117 Cal. App.3d 718, 723; El Dorado Irrigation Dist. v. Superior Court (1979) 98 Cal. App.3d 57, 62 [159 Cal. Rptr. 267].) (3) The showing required of a petitioner seeking relief because of mistake, inadvertence, surprise or excusable neglect under section 946.6 is the same as required under Code of Civil Procedure section 473 for relieving a party from a default judgment. (Viles v. State of California, supra, 66 Cal.2d 24, 29.) In the *157 cases applying Code of Civil Procedure section 473, it is not every mistake that will excuse a default, the determining factor being the reasonableness of the misconception. (Black v. County of Los Angeles (1970) 12 Cal. App.3d 670, 675 [91 Cal. Rptr. 104].) This principle likewise applies to excusable neglect, which is "`that neglect which might have been the act of a reasonably prudent person under the same circumstances.'" (Tammen v. County of San Diego (1967) 66 Cal.2d 468, 476 [58 Cal. Rptr. 249, 426 P.2d 753].) (4) Petitioner presented evidence showing that until her attorney received Olive View's letter of December 9, 1980, he was unaware of the hospital's affiliation with the county and the consequent necessity of filing a claim. However, a petitioner or his attorney must show more than that they did not discover a fact until too late; they must establish that in the use of reasonable diligence they failed to discover it. (City of Fresno v. Superior Court (1980) 104 Cal. App.3d 25, 32 [163 Cal. Rptr. 807]; Black v. County of Los Angeles, supra, 12 Cal. App.3d 670, 677.) There is a total absence of evidence that petitioner or her attorney exercised reasonable diligence (or any diligence) in an effort to ascertain the public status of Olive View. Such negligence was compounded when, with more than two months remaining in which to present a timely claim, the attorney received the hospital's letter of August 15, 1980, and failed to note the letterhead thereon which clearly identified Olive View as a county hospital.[3] The trial court properly could find that such conduct was not that of a reasonably prudent person under similar circumstances, and thus constituted inexcusable neglect. "It is not the purpose of remedial statutes to grant relief from defaults which are the result of inexcusable neglect of parties or their attorneys in the performance of the latter's obligation to their clients." (Tammen v. County of San Diego, supra, 66 Cal.2d 468, 478.) We perceive no abuse of discretion in the trial court's denial of the petition.
(5) Petitioner argues that such denial was an abuse of discretion because the three letters which her attorney sent to the hospital within 100 days after accrual of her cause of action constituted substantial compliance with the claim filing requirement in that such letters apprised the county of petitioner's claim against it. We do not agree. "It is well settled that claims statutes must be satisfied even in face of the public entity's actual knowledge of the circumstances surrounding the claim. Such knowledge  standing alone  constitutes neither substantial compliance nor basis for estoppel." (City of San Jose v. Superior Court (1974) 12 Cal.3d 447, 455 [115 Cal. Rptr. 797, 525 P.2d 701, 76 A.L.R.3d 1223].) *158 Furthermore, in this proceeding for relief under section 946.6 the issue of substantial compliance was not before the trial court and therefore is irrelevant in determining on appeal whether the court abused its discretion in denying relief. (See Toscano v. County of Los Angeles (1979) 92 Cal. App.3d 775, 782-783 [155 Cal. Rptr. 146].) "An argument that one filed a timely claim is inconsistent with a petition for relief under section 946.6, since such petition necessarily follows the denial of an application for leave to file a late claim. Again, we conclude that the issue of substantial compliance with sections 911.2 and 945.4 was outside the scope of the superior court proceeding, and that no abuse of discretion could be founded thereon." (Toscano, supra, 92 Cal. App.3d at p. 783.)
(6) Petitioner further contends that the county should be estopped to assert her noncompliance with the claim filing requirement because the county did not inform petitioner or her attorney that Olive View is a public facility until after expiration of the 100-day period within which to file a claim. The contention lacks merit. Less than one month after accrual of petitioner's cause of action, her attorney was so informed upon receipt of the hospital's letter bearing a letterhead which clearly identified Olive View as a county hospital (see § 7530). In any event, "estoppel requires some affirmative representation or acts by the public agency or its representatives inducing reliance by the claimant." (Tammen v. County of San Diego, supra, 66 Cal.2d 468, 480; italics added.) It has also been held that estoppel is available where the complaint alleges facts which, if true, would establish that the government acted in an unconscionable manner. (Fredrichsen v. City of Lakewood (1971) 6 Cal.3d 353, 359 [99 Cal. Rptr. 13, 491 P.2d 805].) Petitioner did not allege, nor does the record show, that her failure to file a timely claim was occasioned by any misconduct, concealment or other unconscionable act on the part of Olive View. The dissenting opinion suggests that Olive View was at fault in not having informed plaintiff of the necessity of filing a claim until after expiration of the 100-day period. The burden was upon plaintiff to ascertain the public status of the hospital and the consequent necessity of filing a claim; Olive View was not required to tell plaintiff to file a claim (see McGranahan v. Rio Vista etc. Sch. Dist. (1964) 224 Cal. App.3d 624, 630 [36 Cal. Rptr. 798]; Cruise v. City & County of San Francisco (1951) 101 Cal. App.2d 558, 564 [225 P.2d 988].) That it eventually did so does not provide a basis for estoppel in view of the fact that it did not previously tell plaintiff anything that would reasonably tend to mislead her regarding the necessity of filing a claim, but on the contrary promptly sent plaintiff a letter which clearly indicated that Olive View is a county facility.
(7) The dissent cites Flores v. Board of Supervisors (1970) 13 Cal. App.3d 480 [91 Cal. Rptr. 717, 55 A.L.R.3d 925], in support of the proposition that lack of a showing of prejudice to the county because of plaintiff's delay in filing her claim may be considered in determining whether plaintiff should be *159 relieved of the claim-filing requirement. Flores ignores the rule that a public entity has no burden to establish prejudice until the plaintiff has satisfied the trial court that his failure to file a timely claim was due to mistake, inadvertence, surprise or excusable neglect. (Tammen v. County of San Diego, supra, 66 Cal.2d 468, 478; Rivera v. City of Carson, supra, 117 Cal. App.3d 718, 726; Hasty v. County of Los Angeles (1976) 61 Cal. App.3d 623, 627 [131 Cal. Rptr. 347]; Black v. County of Los Angeles, supra, 12 Cal. App.3d 670, 677-678.)
The judgment is affirmed.
Reese, J.,[*] concurred.
DALSIMER, J.
I respectfully dissent.
The majority indicates that the trial court record discloses that the appellant's failure to file her claim within the 100-day period was found to be the result of inexcusable neglect. I do not so read the record.
The court's minute order of July 2, 1981, merely states in pertinent part, "Petition is denied," and does not reveal the grounds for the court's decision. More importantly, as I read the record, it appears that the trial court found as a matter of law, rather than as a matter of fact, that the neglect or inadvertence of appellant's counsel was inexcusable. At the hearing on appellant's motion, the court expressed itself in colloquy with counsel as follows: "... I must state that my personal sympathies do not lie with the Government Code section 946.6. I don't like the whole government claim thing, because I think it operates as a very detrimental trap in many areas, but I don't think I can make my ruling based on my personal likes and dislikes. [¶] MR. BROWN [respondent's counsel]: If I could add to the argument and taking Your Honor's comment, going further on another point, the alternative defense presented by our opposition in this matter is that there has been absolutely no showing by plaintiff's counsel of reasonable diligence to excuse the late filing of the claim. [¶] THE COURT: Well, I am coming down to that, because the trouble with it is that I have to follow the law as the law is set out. And the law as it is set out doesn't suggest to me that this is an excusable item. [¶] MR. BROWN: Exactly. [¶] THE COURT: Counsel looks at the letter, and on the top it says, `County of Los Angeles,' and he is more concerned with the content and less concerned with what [the letterhead] says."
Assuming that the trial court did make a factual rather than a legal finding, I would hold that finding to work such a substantial miscarriage of justice as to *160 constitute an abuse of discretion. As the majority acknowledges, there is no question concerning appellant's making her application to file a late claim within a reasonable time, as she did so two weeks after the respondent finally notified counsel that a claim would be necessary. Also, as the majority observes, the showing required by a petitioner seeking relief from the requirement of filing a timely claim on the grounds of mistake, inadvertence, surprise, or excusable neglect is the same as that required under Code of Civil Procedure section 473 for relieving a party from a default.
An order denying relief is subject to closer appellate scrutiny than one granting relief, and doubts should be resolved in favor of the party seeking a trial on the merits rather than in favor of a party seeking to avoid such a trial. (Schwartz v. Smookler (1962) 202 Cal. App.2d 76, 80 [20 Cal. Rptr. 507].) There are a myriad of cases affirming that the preferred course of action is to compel a trial on the merits, and thus orders denying relief from default should be more carefully scanned than those which grant relief. In Flores v. Board of Supervisors (1970) 13 Cal. App.3d 480 [91 Cal. Rptr. 717, 55 A.L.R.3d 925], the court reversed an order denying relief under Government Code section 946.6 from a failure to file a timely claim. In that case the trial court had decided that the late presentation of the claim was not due to excusable neglect or inadvertence where it was shown that petitioners' counsel had failed to open a file on the case which would have alerted them to the 100-day limitation. In this case the county facility was thought by counsel to be a private hospital. Although counsel could have discovered by a close examination of the letter from the hospital that it was a county entity, the uncontradicted fact is that he did not make that discovery. Counsel explained that his failure to notice that fact was due to the nature of the letter sent to him by the hospital two days after he notified it of the incident. During oral argument in the trial court, counsel for appellant indicated that his attention was distracted from the letterhead because the portion of the form letter which was typed was typed in red ink. The statement by the court at page 485 of Flores v. Board of Supervisors, supra, 13 Cal. App.3d 480, applies with equal vigor here: "In addition to the fact that the affidavits in support of appellants' petition amply support the conclusion that their failure to file a timely claim was due to the causes alleged, there is no showing that the public entity at bench was in any way prejudiced by a late filing of the claim. The circumstance that the delay in the filing of appellants' application for leave to file a late claim occurred only 23 days after the lapse of the statutory period deserves special emphasis. The county has very clearly failed to sustain its burden of proof that it was prejudiced by the only delay which is chargeable to appellants, namely, a period of 23 days. [Citation.]" In the claim at bar the delay in filing the claim was also brief and there was not even a suggestion of prejudice to the county. Also, it should be emphasized that although the county facility replied in two days to counsel's first letter by stating that appellant was not a patient, it waited more than three *161 months after two followup letters by counsel to advise appellant what it could have told her in the first letter, namely, that it was necessary to file a claim.
To hold as the trial court did that a lawyer's failure to carefully scrutinize a letterhead is inexcusable appears to this writer to display a forgetfulness of the rigors of the practice of law. I deem such a holding to be arbitrary and capricious.
I would reverse the judgment.
On February 8, 1983, the opinion was modified to read as printed above. Appellant's petition for a hearing by the Supreme Court was denied March 16, 1983. Bird, C.J., was of the opinion that the petition should be granted.
NOTES
[1] Unless otherwise indicated, all statutory references henceforth are to the Government Code.
[2] The record herein indicates that the trial court denied the petition on the ground that failure to present a claim within the 100-day period was the result of inexcusable neglect, and thus did not reach the question whether the application for leave to present a late claim was made within a reasonable time. We likewise ignore that issue inasmuch as the application, filed two weeks after petitioner first learned of the hospital's public status, arguably was made within a reasonable time after discovery of that fact.
[3] The content of the hospital's letterhead complied with section 7530 which provides in pertinent part: "All public agencies, public entities, districts, cities, counties, and cities and counties shall, when being identified by such entity for any purpose, be identified as a public agency, public entity, district, city, county, or city and county, whichever is appropriate.

"The requirements of this section shall be deemed satisfied if the words `state,' `public agency,' `public entity,' `district,' `city,' `county' or `city and county,' whichever is appropriate, appears on all letterhead stationery of such public agency, public entity, district, city, county, or city and county...."
[*] Assigned by the Chairperson of the Judicial Council.