[No. G000395. Fourth Dist., Div. Three. Sept. 27, 1984.]

DEBORAH DUNSTON, Plaintiff and Appellant, v.
THE STATE OF CALIFORNIA et al., Defendants and Respondents.

**COUNSEL**

Laurence E. Clark for Plaintiff and Appellant.

John K. Van de Kamp, Attorney General, Marvin Goldsmith, Assistant Attorney General, Jeffrey T. Miller and Kristin G. Hogue, Deputy Attorneys General, Beam, DiCaro, D'Antony & Stafford, Mark M. Gnesin, Ruston & Nance and Lee P. O'Connor for Defendants and Respondents.

OPINION

**WALLIN, J.**—Deborah Dunston appeals from the order denying her petition for relief from the claim filing requirements of the Government Code and from the order denying her petition for reconsideration.

I

Dunston alleges she and her father were exposed to toxic fumes released by a chemical spill in San Clemente on October 27, 1981. The chemical spill occurred when a truck which had previously transported toxic waste was washed down prior to decontamination. The San Clemente Fire Department responded to complaints about the noxious fumes by sandbagging a nearby storm drain to prevent the waste from flowing into the ocean and by notifying the United States Coast Guard, the Environmental Protection Agency and other governmental agencies. The immediate area was barricaded and the north beach in San Clemente was closed for several hours.

Immediately following the spill, city and county officials announced it had not been hazardous to the population. However, Dunston developed a mild illness, and, three days later, her father died.

Dunston believed the spill caused her father's death, and she retained an attorney within a few weeks to pursue any cause of action she might have. However, she alleges she did not file claims against any public entities within the 100-day period mandated by Government Code section 911.2,[1] because she lacked proof of her claims against them. Autopsy and pathology reports indicated Mr. Dunston had died of natural causes; several months later, various state and county agencies confirmed the spill had not been dangerous to human health; and the investigations of Dunston's own attorneys did not reveal negligence on the part of any governmental agency. Dunston filed a complaint for wrongful death and personal injuries against nongovernmental entities on August 30, 1982.

---

[1]Government Code section 911.2 provides in part: "A claim relating to a cause of action for death or for injury to person or to personal property . . . shall be presented . . . not later than the 100th day after the accrual of the cause of action . . . ."

In August and September of 1982, after the 100-day claims period had run, Dunston's mother consulted with a respiratory disease expert, who informed her that a prior pathology report was incorrect when it stated Dunston's father had not died from exposure to toxic fumes. Dunston's mother then contacted an Environmental Protection Agency official, who investigated the files of the California Department of Health Services. Based on his review, the investigator concluded appropriate tests had not been conducted at the waste excavation site, and where testing had been conducted, potentially hazardous levels of toxic contaminants were documented. His conclusions were contrary to assertions by state, county and local agencies in various newspaper articles that the odors generated by the chemical spill were caused by harmless gases, were not dangerous to health and did not present a toxic hazard situation to the population.

Dunston then filed an amended complaint alleging numerous state and federal statutory violations by city, county and state agencies. She petitioned the governmental entities for leave to file late claims on October 26, 1982; when that leave was denied, she petitioned the superior court for relief from compliance with the claims statutes. Her petition was denied, as was her subsequent motion for reconsideration. She now appeals from both the initial denial of relief and the denial of reconsideration.[2]

## II

Dunston's petition was filed pursuant to Government Code section 946.6,[3] which authorizes a court to overturn a governmental entity's denial of permission to file a late claim. To be entitled to relief, a petitioner must show the application to the governmental entity was presented within a reasonable time not to exceed one year after the accrual of the cause of action and the failure to present the claim was through mistake, inadvertence, surprise or excusable neglect.[4]

---

[2]Although the court denied the motion for reconsideration, the record reveals the court considered the additional declarations presented by Dunston and indicated her ruling would not change. Therefore, our review of the petition for relief from compliance with the claims statutes includes all the evidence, and we treat the motion for reconsideration as having been granted.

[3]Unless otherwise indicated, all statutory references hereafter are to the Government Code.

[4]Government Code section 946.6 provides in part: "(c) The court shall relieve the petitioner from the provisions of Section 945.4 if the court finds that the application to the board under Section 911.4 was made within a reasonable time not to exceed that specified in subdivision (b) of Section 911.4 . . . and that: [¶] (1) The failure to present the claim was through mistake, inadvertence, surprise or excusable neglect . . . ."

Section 911.4 provides in part: "(a) When a claim that is required by Section 911.2 to be presented not later than the 100th day after the accrual of the cause of action is not presented within such time, a written application may be made to the public entity for leave to present such claim. [¶] (b) The application shall be presented to the public entity . . . within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim . . . ."

■ Our role on appeal is to review the action of the trial court for an abuse of discretion. "The granting or denial of a petition for relief under section 946.6 rests within the discretion of the trial court and its determination will not be disturbed on appeal except for abuse of that discretion. [Citations.] It is true that an appellate court more carefully scans the denial than the allowance of such relief to the end that wherever possible cases may be heard on their merits. [Citation.] Nevertheless, we cannot arbitrarily substitute our judgment for that of the trial court. [Citation.]" (*Shank* v. *County of Los Angeles* (1983) 139 Cal.App.3d 152, 156 [188 Cal.Rptr. 644].)

■ Remedial statutes such as Government Code section 946.6 should be liberally construed. (*Viles* v. *State of California* (1967) 66 Cal.2d 24, 31 [56 Cal.Rptr. 666, 423 P.2d 818].) However, this does not mean that relief in such cases should be granted casually. " 'Statutes of limitation and the like, prescribing definite periods of time within which action should be brought or certain steps taken are, of necessity, adamant rather than flexible in nature. . . .' [Citation.]" (*Chas L. Harney, Inc.* v. *State of California* (1963) 217 Cal.App.2d 77, 91 [31 Cal.Rptr. 524].) "A petitioner must show more than that he did not discover a fact until too late; he must establish that in the use of reasonable diligence he failed to discover it." (*Black* v. *County of Los Angeles* (1970) 12 Cal.App.3d 670, 677 [91 Cal.Rptr. 104].)

In *Tammen* v. *County of San Diego* (1967) 66 Cal.2d 468 [58 Cal.Rptr. 249, 426 P.2d 753], the California Supreme Court discussed the term "surprise" as used in section 473 of the Code of Civil Procedure. This section states the requirements for relief from a default judgment, which are similar to the prerequisites for gaining relief from Government Code section 945.4. The court explained: "The 'surprise' contemplated . . . is some condition or situation in which a party is unexpectedly placed to his injury, without any fault of his own, under circumstances which he was not reasonably called upon to anticipate and which ordinary foresight could not have guarded against." (*Tammen, supra,* at p. 478.)

■ Based on the foregoing authorities and a review of the record, we hold the lower court did not abuse its discretion in denying Dunston the requested relief. The court found Dunston and her representatives did not exercise reasonable diligence in an effort to discover the facts on which they now base her claims against the governmental entities. Although the declarations supporting Dunston's petition assert her attorneys conducted investigations that failed to uncover negligence, these declarations do not provide any facts showing how the investigations were carried out. The mere conclusory allegation that an investigation was performed does not consti-

tute due diligence so as to justify relief from the claim filing statute. Furthermore, there was no explanation for the delay of 10 months before a respiratory expert was consulted or an Environmental Protection Agency official contacted. Dunston retained counsel to pursue her legal remedies within two weeks following the chemical spill. Given her firm belief that the spill caused her father's death, it was unreasonable for counsel to delay in pursuing these investigative avenues. (See *Tammen* v. *County of San Diego, supra,* 66 Cal.2d 468; *Shank* v. *County of Los Angeles, supra,* 139 Cal.App.3d 152; *City of Fresno* v. *Superior Court* (1980) 104 Cal.App.3d 25 [163 Cal.Rptr. 807]; *Shaddox* v. *Melcher* (1969) 270 Cal.App.2d 598 [76 Cal.Rptr. 80].)

The court also found Dunston failed to meet the reasonable time requirement of section 946.6. Dunston's attorney filed the applications for leave to file late claims with the appropriate governmental agencies on the last day of the one-year period following the accrual of the cause of action. This constituted a delay of one and one-half months from the date Dunston alleges she discovered the governmental negligence. Under the circumstances here, it was not an abuse of discretion for the court to find this was an unreasonable delay. (See *Hasty* v. *County of Los Angeles* (1976) 61 Cal.App.3d 623 [131 Cal.Rptr. 347].)

For the foregoing reasons, the judgment below is affirmed.

Trotter, P. J., and Sonenshine, J., concurred.