[No. B033689. Second Dist., Div. Four. Mar. 15, 1989.]

ANTONIO P. CABAMONGAN et al., Plaintiffs and Appellants, v. CITY OF LONG BEACH, Defendant and Respondent.

**COUNSEL**

Peter J. McNulty and Nick J. Kazandjieff for Plaintiffs and Appellants.

John R. Calhoun, City Attorney, and Gary J. Ferrari, Deputy City Attorney, for Defendant and Respondent.

---

**OPINION**

**McCLOSKY, Acting P. J.**— ■■ ■ ■ Plaintiffs Antonio Cabamongan and Alicia Cabamongan appeal the order denying their petition for "relief from the provisions of Government Code section 945.4."[1]

---

[1] An order denying relief from the Government Tort Claims Act is appealable. (*Toscano* v. *County of Los Angeles* (1979) 92 Cal.App.3d 775, 779 [155 Cal.Rptr. 146].)

## FACTS

On October 15, 1986, plaintiffs' son Allan was struck in the head with a softball while playing at the Hudson Elementary School located in Long Beach, California. A nurse was summoned to the school to examine Allan. In turn, she determined that paramedics were needed. Allan was transferred to Memorial Medical Center in Long Beach where he died on October 23, 1986.

After Allan's death the following events occurred: 1. December 9, 1986: Plaintiffs served a claim for injury labeled "to the City of Long Beach School District aka The City of Long Beach." Plaintiffs alleged that the school district's employees were negligent in their care and supervision of Allan. The claim was served on the school district only.

2. By letter of December 23, 1986, the school district denied plaintiff's claim.

3. January 15, 1987: Plaintiffs filed their action for wrongful death against the school district and the City of Long Beach (City).

4. January 21, 1987: Plaintiffs served both entities.

5. January 23, 1987: Senior deputy city attorney of Long Beach telephoned counsel for plaintiffs and informed him that the City had no involvement in the care and supervision of Allan and that a government claim had not been filed against the City.

6. February 3, 1987: Plaintiffs filed a request for dismissal without prejudice against the City.

7. May 20, 1987: The School District filed an application for leave to present a late claim against the City due to the alleged negligence of the paramedics in treating Allan.

8. July 14, 1987: The school district filed its cross-complaint against the City.

9. July 28, 1987: Plaintiffs filed an application to present a late claim against the City.

10. August 28, 1987: The City filed its answer to the school district's cross-complaint.

11. August 31, 1987: The City filed a cross-complaint against the school district.

12. September 15, 1987: Plaintiffs' application for leave to file a late claim was denied by operation of law.

13. January 27, 1988: Plaintiffs filed their motion for relief from "the provisions of Government Code section 945.4."

At the hearing on plaintiffs' motion, the trial court initially stated: "I don't think you have set forth sufficient grounds to excuse [your late filing]; further, I think that you have waited an inordinate amount of time within which to bring this motion. [¶] Once you have discovered a claim had been filed with the wrong entity, it seems like you waited an awful long time to seek relief." Throughout the hearing, the trial court reiterated these same concerns. The court's primary focus was on the four-month period from when plaintiffs' request for permission to file a late claim was denied by the City until they filed their motion for relief. At one point, plaintiffs' counsel referred the court to the six-month limitation period provided in "Government Code section 945 [*sic*]."[2] The court responded: "But that doesn't mean that you are entitled to it." At the conclusion of the hearing, the court ruled: "I could excuse to a certain extent your not naming the City in a claim that you filed with the school district, thinking they are one and the same, although I think the wide publicity that school districts get when it comes at election should be recognized that they are separate entities.

"But I think even later that you showed a lack of diligence in not following up on it once you were aware what the school district was doing. I really don't think there has been enough diligence shown in this case.

"I'll deny the petition."

This appeal follows.

## DISCUSSION

Plaintiffs contend that the trial court abused its discretion in denying their petition for relief.

In *Bettencourt* v. *Los Rios Community College Dist.* (1986) 42 Cal.3d 270, 275-276 [228 Cal.Rptr. 190, 721 P.2d 71], the Supreme Court gave the following summary of the law relating to government tort claims: "Section

---

[2] That limitation period is actually contained in Government Code section 946.6.

911.2 requires that a claim relating to a cause of action for death or personal injury be presented to the public entity within 100 days after accrual of the cause of action. When the injured party fails to file a timely claim, 'a written application may be made to the public entity for leave to present such claim.' (911.4.) If the public entity denies the application, section 946.6 authorizes the injured party to petition the court for relief from the claim presentation requirement of section 945.4.

"The trial court shall grant relief under section 946.6 when: (1) the application to the public entity seeking relief from the 100-day limit was made within a reasonable time; (2) failure to timely present the claim was caused by mistake, inadvertence, surprise or excusable neglect; and (3) the public entity does not demonstrate that it will be prejudiced if relief is granted. (See § 946.6, subd. (c).) In determining whether relief is warranted, the court will consider the petition, any affidavits submitted in support or in opposition to the petition, and any other evidence presented at the hearing. (§ 946.6, subd. (e).)

"The decision to grant or deny a petition seeking relief under section 946.6 is within the sound discretion of the trial court and will not be disturbed on appeal except for an abuse of discretion. [Citation.] However, the trial court's discretion to grant relief is not 'unfettered.' [Citation.] It is ' "to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice." ' [Citation.]

"Section 946.6 is a remedial statute intended 'to provide relief from technical rules that otherwise provide a trap for the unwary claimant.' [Citations.] As such, it is construed in favor of relief whenever possible. [Citation.]

"The policy favoring trial on the merits is the primary policy underlying section 946.6. [Citation.] In order to implement this policy, any doubts should be resolved in favor of granting relief. [Citation.] Consequently, where uncontradicted evidence or affidavits of the petitioner establish adequate cause for relief, denial of relief constitutes an abuse of discretion. [Citations.] In light of the policy considerations underlying section 946.6, a trial court decision denying relief will be scrutinized more carefully than an order granting relief. [Citation, fns. omitted.]"

In the present case, the reporter's transcript of the hearing reflects that the trial court's exercise of discretion to deny plaintiffs' motion was premised on the following considerations: (1) plaintiffs' failure to timely discover that the school district and the City were distinct entities; (2) the 69-day

delay from when plaintiffs discovered they might have a claim against the City until they filed their application with the City to present a late claim and (3) the 4-month delay from when the City was deemed to have denied plaintiffs' application until they filed their motion for relief.

The trial court properly considered whether plaintiffs' failure to discover that the City and the school district were distinct entities was excusable neglect. (See *Bettencourt* v. *Los Rios Community College Dist, supra,* 42 Cal.3d 270, 276-277 [under facts of that case plaintiffs' erroneous assumption that employees of Sacramento City College were state employees was excusable].)

Similarly, the trial court properly considered plaintiffs' 69-day delay from when they learned they had a claim against the City until when they filed their application with the City to present a late claim. Government Code section 911.4, subdivision (b) provides in pertinent part that an application to present a late claim must be made "within a reasonable time not to exceed one year after the accrual of the cause of action . . . ." To relieve a party from the claim filing requirements a court must find "the application to the board under section 911.4 was made within a reasonable time not to exceed that specified in subdivision (b)." (Gov. Code, § 946.6, subd. (c); see *Duston* v. *State of California* (1984) 161 Cal.App.3d 79, 84 [207 Cal.Rptr. 196] [the Court of Appeal concluded that the trial court did not abuse its discretion in denying the plaintiff's motion for relief where, among other things, his application was filed one and one-half months after plaintiff discovered his cause of action]; *Hasty* v. *County of Los Angeles* (1976) 61 Cal.App.3d 623, 626, fn. 2 [131 Cal.Rptr. 347] [trial court did not abuse its discretion in denying relief where plaintiffs waited 60 days from discovery to file application].)

The trial court, however, improperly considered plaintiffs' four-month delay from when the City was deemed to have denied their application until they filed their petition for relief. Government Code section 946.6, subdivision (b) provides in pertinent part that a "petition [for relief] shall be filed within six months after the application to the board is denied or deemed to be denied pursuant to section 911.6." As distinct from the time period in which a plaintiff has to submit his application to the governmental entity this time period has no reasonableness requirement. Moreover, the parties have cited, and our independent research has uncovered no case implying a reasonableness requirement into this six-month limitation period. As we now explain, a reasonableness requirement would not further the goal of the Government Tort Claims Act.

■    "The principal purposes of the claims statute[s] are to give notice to the [governmental entity] in order that it be afforded a timely opportunity

to investigate the claim and determine the facts; and to avoid unnecessary lawsuits by giving the [governmental entity] the opportunity to settle meritorious claims without going through an avoidable trial. [Citation.]" (*Lacy v. City of Monrovia* (1974) 44 Cal.App.3d 152, 155 [118 Cal.Rptr. 277].)

■ Since the denial of the plaintiffs' application by the governmental entity is what commences the six-month period to run in the first place, the amount of time a plaintiff takes to file his petition in court has absolutely no effect on the notice afforded that entity.

We, therefore, conclude that the trial court in denying relief improperly considered plaintiffs' four-month delay in filing their petition. It is evident from the reporter's transcript of the hearing that this was an important, if not central, factor relied upon by the trial court in reaching its decision. To affirm the trial court's order we must be able to conclude that this improper consideration was not determinative. (Cf. *People* v. *Avalos* (1984) 37 Cal.3d 216, 233 [207 Cal.Rptr. 549, 689 P.2d 121] [trial court's reliance upon an improper factor in aggravating the defendant's sentence requires reversal "where [the reviewing court] cannot determine whether the improper factor was determinative for the sentencing court"].) We cannot make such a determination in the present case.

The order denying plaintiffs' petition for relief from the Government Tort Claims Act is reversed. The trial court is directed to hold a new hearing on that issue without considering plaintiffs' delay in filing their petition for relief. Plaintiffs shall recover costs on appeal.

George, J., and Goertzen, J., concurred.